## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
SANDRA ALTIERI, individually and    :
on behalf of all others similarly situated,    :
   :
          Plaintiff,    :
   :
v.    :      Civil Action No. 10-11977-FDS
   :
REEBOK INTERNATIONAL LTD.,    :
   :
          Defendant.    :
_____:

## DEFENDANT REEBOK INTERNATIONAL LTD.'S
## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Defendant Reebok International Ltd. ("Reebok"), by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of the Amended Class Action Complaint filed by Plaintiff Sandra Altieri, individually and behalf of all others similarly situated ("Plaintiff"), on or about January 25, 2011 (the "Complaint") as follows:

### I.     NATURE OF THE ACTION

1.     Reebok admits the allegations set forth in the first sentence of this paragraph. Reebok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

2.     Reebok denies the allegations set forth in the first sentence of this paragraph insofar as they concern Reebok. Reebok denies the allegations set forth in the second sentence of this paragraph.

3.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

4.      Reebok denies the allegations set forth in the first sentence of this paragraph insofar as they imply that Reebok footwear is more expensive than "traditional" footwear. Reebok denies the remaining allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.   Reebok admits the remaining allegations set forth in this paragraph.

5.      Reebok denies the allegations set forth in this paragraph.

6.      Reebok denies the allegations set forth in the first sentence of this paragraph. Reebok admits the remaining allegations set forth in this paragraph insofar as they allege that the American Council on Exercise sponsored a study concerning fitness shoes; Reebok, however, challenges the conclusions of that study insofar as they concern Reebok.   Reebok further admits the allegations set forth in this paragraph insofar as they allege the existence of an article entitled, "The Physiologic and Electromyographic Responses to Walking in Regular Athletic Shoes Versus 'Fitness Shoes,'" described therein; Reebok, however, challenges the conclusions of that article insofar as they concern Reebok.

7.      Reebok denies the allegations set forth in this paragraph insofar as they characterize Reebok's claims and assertions as false and/or characterize the scope of Reebok's advertising and marketing campaign.   Reebok admits the remaining allegations set forth in this paragraph.

8.      Reebok admits the allegations set forth in this paragraph.

9.      Reebok denies the allegations set forth in this paragraph.

10.      Reebok denies the allegations set forth in this paragraph.

11.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

12.     Reebok denies the allegations set forth in this paragraph.

13.     Reebok admits that Plaintiff filed this lawsuit.  The remaining allegations set forth in this paragraph contain conclusions of law to which no response is required; to the extent the remaining allegations set forth in this paragraph require a response, Reebok denies those allegations.

## II.     <u>JURISDICTION AND VENUE</u>

14.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

15.     Reebok admits that it is incorporated in the Commonwealth of Massachusetts, maintains its global brand and North American headquarters in Canton, Massachusetts, and is authorized to do business in the Commonwealth of Massachusetts.  The remaining allegations of this paragraph contain conclusions of law to which no response is required; to the extent those allegations require a response, Reebok denies them.

16.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

III.     **THE PARTIES**

17.     Reebok lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of this paragraph.  Reebok lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of this paragraph insofar as it alleges that it alleges that Ms. Altieri purchased a pair of EasyTone footwear.  Reebok denies the remaining allegations set forth in this paragraph.

18.     Reebok admits the allegations set forth in the first sentence of this paragraph.  The second sentence of this paragraph contains a conclusion of law to which no response is required; to the extent the second sentence of this paragraph requires a response, Reebok denies the allegations set forth therein.  Reebok denies the allegations set forth in the third sentence of this paragraph.  Reebok admits the allegations set forth in the fourth sentence of this paragraph. Reebok denies the allegations set forth in the fifth sentence of this paragraph and states that Reebok is a subsidiary of adidas North America, Inc., which is a Delaware corporation, whose parent is adidas International BV, a Netherlands corporation, whose parent in turn is Adidas AG, a publicly-traded German corporation.

IV.   **FACTUAL ALLEGATIONS**

19.     Reebok admits the allegations set forth in this paragraph.

20.     Reebok denies the allegations set forth in this paragraph.

21.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

22.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

23.     Reebok denies the allegations set forth in this paragraph.

24.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

25.     Reebok admits the allegations set forth in this paragraph.

26.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

27.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

28.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

29.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

30.     Reebok denies the allegations set forth in the first sentence of this paragraph insofar as they characterize Reebok's communications as "misrepresentations."  Reebok admits that it maintains a website available to the general public.

31.     Reebok denies the allegations set forth in this paragraph insofar as they imply that Reebok's communications are "misrepresentations."  Reebok further denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

32.     Reebok denies the allegations set forth in this paragraph insofar as they characterize EasyTone products as "heavily promoted."   Reebok admits the remaining allegations set forth in this paragraph.

33.     Reebok denies the allegations set forth in this paragraph.

34.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

35.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

36.     Reebok denies the allegations set forth in the first sentence of this paragraph insofar as they characterize Reebok's communications as an "inducement to buy the product." Reebok denies the remaining allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

37.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

38.     Reebok denies the allegations set forth in this paragraph to the extent they allege that Reebok has made "false claims."  Reebok further denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

39.     Reebok denies the allegations set forth in this paragraph to the extent they allege that Reebok has "marketed EasyTones extensively on the Internet."  Reebok further denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

40.     Reebok admits the allegations set forth in this paragraph.

41.     Reebok denies the allegations set forth in this paragraph.

42.     Reebok admits the allegations set forth in this paragraph.

43.     Reebok denies the allegations set forth in this paragraph insofar as they characterize the apparel contained in the advertisement described therein as "skimpy."  Reebok further denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

44.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

45.     Reebok denies the allegations set forth in this paragraph.

46.     Reebok denies the allegations set forth in this paragraph.

47.     Reebok denies the allegations set forth in the first sentence of this paragraph. Reebok denies the remaining allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

48.     Reebok lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.

49.     Reebok denies the allegations set forth in the first and second sentence of this paragraph.  Reebok admits the existence of the *Wall Street Journal* article described within this paragraph, but challenges the statements set forth within that article.  Further, Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or

present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

50.     Reebok denies the allegations set forth in this paragraph.

51.     Reebok denies the allegations set forth in this paragraph insofar as they concern Reebok.

52.     Reebok denies the allegations set forth in this paragraph.

53.     Reebok denies the allegations set forth in this paragraph.

54.     Reebok denies the allegations set forth in this paragraph.

55.     Reebok denies the allegations set forth in the first sentence of this paragraph. Reebok denies the allegations set forth in the second sentence of this paragraph to the extent they imply that EasyTone products may cause injuries.  Reebok admits the remaining allegations set forth in this paragraph.

56.     Reebok admits the existence of the studies described within this paragraph; however, Reebok challenges the conclusions of those studies insofar as they concern Reebok.

57.     Reebok admits the existence of the study described within this paragraph; however, Reebok challenges the conclusions of the study insofar as they concern Reebok.

58.     Reebok admits the existence of the study described within this paragraph; however, Reebok challenges the conclusions of the study insofar as they concern Reebok.

59.     Reebok admits the existence of the report described within this paragraph; however, Reebok challenges the conclusions of the report insofar as they concern Reebok.

60.     Reebok lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.

61.     Reebok admits the existence of the article described within this paragraph; however, Reebok challenges the conclusions of the article insofar as they concern Reebok.

62.     Reebok denies the allegations set forth in this paragraph.

63.     Reebok lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.

64.     Reebok denies the allegations set forth in this paragraph.

65.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

66.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

67.     Reebok denies the allegations set forth in this paragraph to the extent they mischaracterize the cited materials and/or present the cited materials out of context.  Reebok admits the remaining allegations set forth in this paragraph.

68.     Reebok denies the allegations set forth in this paragraph.

69.     Reebok denies the allegations set forth in this paragraph.

## V.     CLASS ACTION ALLEGATIONS

70.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

71.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

72.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

73.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

74.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

75.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

76.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

## VI.     CLAIMS FOR RELIEF

### COUNT I
### Unjust Enrichment

77.     Reebok repeats, reiterates and re-alleges its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

78.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

79.     Reebok denies the allegations set forth in this paragraph.

80.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

81.     Reebok denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

### COUNT II
### Untrue and Misleading Advertising under G.L. c. 266 § 91

82.     Reebok repeats, reiterates and re-alleges its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

83.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

84.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

85.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

86.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.  In addition, Reebok denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

## COUNT III
## Unfair and Deceptive Conduct in Violation of M.G.L., c. 93A, § 2

87.     Reebok repeats, reiterates and re-alleges its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

88.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

89.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

90.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

91.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

92.     The first sentences of this paragraph contains conclusions of law to which no response is required; to the extent the first sentence of this paragraph requires a response, Reebok denies the allegations set forth therein.  Reebok admits the allegations set forth in the second sentence of this paragraph insofar as they allege that the demand letter demanded compensation. Reebok denies the remaining allegations set forth in the second sentence of this paragraph. Reebok admits the allegations set forth in the third sentence of this paragraph.

93.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

94.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein.

95.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein. Reebok denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

96.     This paragraph contains conclusions of law to which no response is required; to the extent this paragraph requires a response, Reebok denies the allegations set forth therein. Reebok denies that it is liable to Plaintiff and/or purported class members for the relief they seek.

## VII.     RESPONSE TO REQUEST FOR RELIEF

Reebok denies that Plaintiff is entitled to any of the relief requested in the Complaint and/or to any relief whatsoever.

## VIII.     AFFIRMATIVE DEFENSES

Reebok alleges and asserts the following defenses in response to the allegations set forth in the Complaint, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff and the putative class have sustained no injury in fact or damages caused by any act of Reebok.

### Third Affirmative Defense

The collective claims of Plaintiff and the putative class are barred to the extent the applicable statutes of limitations and limitations on damages have elapsed.

### Fourth Affirmative Defense

Plaintiff lacks standing to bring each and every claim asserted in the Complaint.

### Fifth Affirmative Defense

Insofar as Plaintiff and the putative class seek multiple damages against Reebok, such damages are improper, unwarranted, not authorized by law and are unconstitutional in the context of this litigation.

### Sixth Affirmative Defense

The collective claims of Plaintiff and the putative class pursuant to Mass. Gen. Laws ch. 93A, § 2 are barred due to their failure to tender an appropriate demand letter.

### Additional Defenses

Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

### IX.    REQUEST FOR RELIEF

WHEREFORE, Reebok respectfully requests that this Court:

1) Enter judgment in Reebok's favor and against Plaintiff on each and every count of the Complaint and on all relief sought by Plaintiff;

2) Award Reebok its costs and reasonable attorneys' fees incurred in defense of this action; and

3) Grant such further relief that the Court deems appropriate and just.

Respectfully submitted,

REEBOK INTERNATIONAL LTD.

By its attorneys,

/s/ Andrea L. Martin
Shepard Davidson (BBO # 557082)
Andrea L. Martin (BBO # 666117)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 345-3000
Fax: (617) 345-3299
sdavidson@burnslev.com
amartin@burnslev.com

John C. Gallagher III (BBO # 641426)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jgallagher@reedsmith.com

Lead Counsel
Admitted *Pro Hac Vice*,

John P. Hooper
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
jhooper@reedsmith.com

February 14, 2011

<u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 14, 2011.

/s/ Andrea L. Martin
Andrea L. Martin