# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE REEBOK EASYTONE LITIGATION** | Case No. 4:10-CV-11977-FDS |
| This Document Relates to: All Actions | <u>CLASS ACTION</u> |

## ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS, SCHEDULING A FAIRNESS HEARING, AND ISSUING RELATED ORDERS

This motion having been brought before the Court jointly by Plaintiff and Reebok International LTD ("Reebok"); and

*Altieri v. Reebok International Ltd.*, 4:10-cv-11977-FDS, having been filed on November 17, 2010 in the United States District Court for the District of Massachusetts (the "*Altieri Action*"); and

*Courtney Schwartz and Cheryl Hardy, et al. v. Reebok International Ltd.*, 1:10-cv-12018-FDS, having been filed on November 22, 2010 in the United States District Court for the District of Massachusetts (the "*Schwartz Action*") and which was subsequently consolidated with the *Altieri Action*; and

Both the *Altieri Action* and the *Schwartz Action* alleging, on behalf of a nationwide class of consumers, that Reebok violated Massachusetts Untrue and Misleading Advertising Statute (G.L. c. 266 § 91) as well as a claim for common law unjust enrichment regarding Reebok's marketing campaign relating to its toning shoes and seeking compensatory damages, declaratory relief, attorneys' fees and costs, as well as any relief the Court deems just and proper; and

106534731.06

Both the *Altieri Action* and the *Schwartz Action* filing amended complaints that included a count alleging the violation of M.G.L. c. 93A, §§ 2 and 9; and

The Court appointed Interim Class Counsel on April 1, 2011; and

Class Counsel has conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of both defenses and liability sought in the Actions; and

Class Counsel, on behalf of Plaintiffs and the other members of the Class having engaged in extensive discovery including, but not limited to, receiving access to over 400,000 documents comprising over 50 gigabytes of data, receiving access to three databases, and conducting detailed interviews, of key corporate witnesses; and

The Parties having entered into a Settlement Agreement in which the Parties have agreed to settle the Actions, pursuant to the terms of the Settlement Agreement, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of the Actions with prejudice; and

The Court having reviewed the Settlement Agreement, including the exhibits attached thereto (together, the "Settlement Agreement") and all prior proceedings herein, and good cause appearing based on the record,

IT IS on this 6th day of October, 2011, ORDERED, ADJUDGED, AND DECREED as follows (all capitalized terms being defined as they are defined in the Settlement Agreement unless otherwise specified or defined herein):

1. **Stay of the Actions.** All non-settlement-related proceedings in the Actions are hereby stayed and suspended until further order of this Court.

2. **Preliminary Class Certification for Settlement Purposes Only.** The Actions are preliminarily certified as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the thousands of persons, and that joinder of all such persons would be impracticable, (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth in paragraph 4, below, Plaintiff Altieri, Plaintiff Hardy, Plaintiff Schwartz, and Class Counsel are adequate representatives of the Class. Reebok retains all rights to assert that this action may not be certified as a class action, except for settlement purposes only.

3. **Class Definition**. The Class shall consist of all persons or entities that purchased, any and all Eligible Shoes and/or Eligible Apparel, from Reebok and/or its authorized retailers and wholesalers including, without limitation, Reebok U.S. Retailers, Reebok Concept Stores, Reebok.com, Reebok Outlets, and/or other third-party retailers or wholesalers, from December 5, 2008 up to and including the date of the first dissemination of the Summary Settlement Notice or Class Notice, whichever is earlier. Excluded from the Class are: (a) Reebok's Board members and executive-level officers, including its attorneys; (b) persons or entities who purchased the Eligible Apparel and/or Eligible Shoes primarily for the purpose of resale; (c) claims for personal injury relating to the use of Eligible Shoes and/or Eligible Apparel; (d) distributors or re-sellers of Eligible Shoes and/or Eligible Apparel; (e) the judge and magistrate judge and their immediate families presiding over the Actions; (f) governmental

entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in this Agreement. "Eligible Apparel" means Reebok's EasyTone and other applicable Reebok toning apparel, purchased as new by Class Members during the Class Period, which are EasyTone Capri, EasyTone Pants, EasyTone Shorts, EasyTone Long Bra Top, EasyTone Sleeveless Shirt, and/or EasyTone Short Sleeve Top. "Eligible Shoes" means Reebok's EasyTone shoes and other applicable Reebok toning shoes, purchased as new by Class Members during the Class Period, which are EasyTone, EasyTone Flip, RunTone, TrainTone, JumpTone, SimplyTone and/or SlimTone.

4. **Class Representatives and Class Counsel.** Plaintiffs Sandra Altieri, Cheryl Hardy, and Courtney Schwartz are designated as representatives of the conditionally certified Class. The Court preliminarily finds that these individuals are similarly situated to absent Class Members and therefore typical of the Class, and will be adequate Class representatives. Timothy G. Blood, of Blood Hurst & O'Reardon LLP; Janine L. Pollack, of Milberg LLP; and Adam J. Levitt, of Wolf Haldenstein Adler Freeman & Herz LLC, whom the Court preliminarily finds are experienced and adequate counsel, are hereby designated as Class Counsel.

5. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the Settlement Agreement and the settlement it incorporates, appear fair, reasonable and adequate. Manual for Complex Litigation (Fourth) § 21.632 (2004). Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

6. **Jurisdiction.** The Court has subject-matter jurisdiction over the Actions pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. **Fairness Hearing.** A Fairness Hearing shall be held on __1/17/12__ at __2:30 PM__ at the United States District Court for the District of Massachusetts, 595 Main Street Worcester, Massachusetts 01608, to determine, among other things: (a) whether the Actions should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), and (b)(3); (b) whether the settlement of the Actions should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Actions should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Class Members should be bound by the release set forth in the Settlement Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; (f) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (g) whether the application of the named Plaintiffs for incentive awards should be approved. The submissions of the Parties in support of the settlement, including Plaintiffs' applications for Attorneys' Fees and Expenses and incentive awards, shall be filed with the Court no later than fourteen (14) days prior to the deadline for the submission of objections and may be supplemented up to seven days prior to the Fairness Hearing.

8. **Administration.** In consultation with and approval of Class Counsel, Reebok or its designee is hereby authorized to establish the means necessary to administer the proposed settlement and implement the Claim Process, in accordance with the terms of the Agreement.

9. **Class Notice.** The proposed Class Notice, Summary Settlement Notice and the notice methodology described in the Settlement Agreement and the Declaration of the Notice Administrator are hereby approved.

a. Pursuant to the Settlement Agreement, the Court appoints Rust Consulting to be the Class Action Settlement Administrator and Jeanne Finegan of the Garden City Group, Inc. to be the Notice Administrator to help implement the terms of the Settlement Agreement.

b. Beginning not later than five (5) business days after entry of the Preliminary Approval Order and to be substantially completed not later than forty (40) days before the Fairness Hearing and subject to the requirements of the Preliminary Approval Order, the Settlement Agreement and the Declaration of the Notice Administrator, the Notice Administrator shall commence sending the Class Notice by First Class U.S. Mail, proper postage prepaid, to: (i) each reasonably identifiable Class Member's last known address reasonably obtainable from Reebok, Eligible Shoe retailers, and internal Reebok customer return profiles, which addresses shall be provided to the Notice Administrator by Reebok no later than five (5) business days after entry of the Preliminary Approval Order, subject to the existence of such information; and (ii) each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and shall otherwise comply with Fed. R. Civ. P. 23 and any other applicable statute, law, or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

c. The Notice Administrator shall have the publication of the Summary Settlement Notice substantially completed no later than forty (40) days before the Fairness Hearing. The Notice Administrator shall publish the Summary Settlement Notice as described in the Declaration of the Notice Administrator and in such additional newspapers, magazines and/or other media outlets as shall be agreed upon by the Parties.

d. The Notice Administrator shall: (a) re-mail any notices returned by the United States Postal Service with a forwarding address that are received by the Notice

Administrator at least thirty (30) days before the Fairness Hearing; (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research any such returned mail for better addresses and promptly mail copies of the Class Notice to the better addresses so found.

    e. The Notice Administrator shall establish an Internet website, [www.reeboksettlement.com](www.reeboksettlement.com), that will inform Class Members of the terms of this Agreement, their rights, dates and deadlines, and related information. The web site shall include, in PDF format, materials agreed upon by the Parties and as further ordered by this Court.

    f. The Notice Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members.

    g. The Notice Administrator shall timely disseminate any remaining notice, as stated in the Settlement Agreement and/or the Declaration of the Notice Administrator.

    h. Not later than ten (10) days before the date of the Fairness Hearing, the Notice Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details outlining the scope, methods, and results of the notice program.

   10. **<u>Findings Concerning Notice</u>.** The Court finds that the notices described in Paragraph 9 of this order: (a) constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Actions, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice;

and (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e) and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

        11. **<u>Exclusion from Class</u>.** Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion stating such a request for exclusion and containing the information set forth in the Class Notice, postmarked no later than twenty (20) days before the Fairness Hearing, or as the Court otherwise may direct, to the Notice Administrator, in care of the address provided in the Class Notice. The Notice Administrator shall forward copies of any written requests for exclusion to Class Counsel and Reebok's Counsel. A list reflecting all requests for exclusion shall be filed with the Court by the Notice Administrator no later than ten (10) days before the Fairness Hearing. If the proposed settlement is finally approved, any Class Member who has not submitted a timely written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in the Actions, even if the Class Member previously initiated or subsequently initiates against any or all of the Released Parties any litigation or other proceeding encompassed by the Release and the claims released in the Settlement Agreement. Persons who properly exclude themselves from the Class shall not be entitled to participate in the benefits of the Settlement Agreement. Reebok's Counsel shall provide to the Notice Administrator, within ten (10) business days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has litigation against Reebok that involves the Eligible Apparel and/or Eligible Shoes. The Notice Administrator shall mail copies of the Class Notice to all such legal counsel. Reebok will

promptly direct the Notice Administrator to serve the Class Notice on counsel for any Class Members who subsequently initiate litigation, arbitration, or other proceedings against Reebok relating to claims alleging events occurring during the Class Period, the Eligible Apparel, the Eligible Shoes, and/or otherwise involving the Release.

12. **Objections and Appearances.**  Any Class Member or counsel hired at any Class Member's own expense who complies with the requirements of this paragraph may object to any aspect of the proposed settlement.

a. Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, the award of Attorneys' Fees and Expenses, or the individual awards to Plaintiffs, must deliver to the Class Counsel identified in the Class Notice and to Reebok's Counsel, and file with the Court, no more than twenty (20) days before the Fairness Hearing, a written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence or other information the Class Member wishes to introduce in support of the objections, a statement of whether the Class Member intends to appear and argue at the Fairness Hearing, and list the Class Member's purchase(s) of either Eligible Shoes or Eligible Apparel, or be forever barred from so objecting.  The objection must include proof of purchase of either Eligible Shoes or Eligible Apparel.  Acceptable proof of purchase includes a cash register receipt, a credit card receipt or a credit card statement that sufficiently indicates the purchase of the Eligible Shoes or Eligible Apparel.

b. Any Class Member who files and serves a written objection, as described above, may appear at the Fairness Hearing, either in person or through personal

counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or awards to the individual Plaintiffs. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to one of the Class Counsel identified in the Class Notice and to Reebok's Counsel, and file said notice with the Court, no later than twenty (20) days before the Fairness Hearing. Any Class Member who fails to comply with the provisions in this section shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Settlement Agreement in the *Altieri Action* and the *Schwartz Actions*.

13. **Preliminary Injunction.** All Class Members and/or their representatives who do not timely exclude themselves from the Class are hereby preliminarily barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members, putative class members, or otherwise against Reebok (or against any of its related parties or affiliates), and/or from receiving any benefits from, any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on or relating to the claims or causes of actions or the facts, and circumstances relating thereto, relating to the Eligible Apparel, Eligible Shoes, the Actions, and/or the Release. In addition, all such persons are hereby preliminarily barred and enjoined from filing, commencing, or prosecuting a lawsuit against Reebok (or against any of its related parties or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending

action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the claims, causes of action, facts and/or circumstances relating thereto, relating to the Eligible Apparel, Eligible Shoes, the Actions and/or the Release. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over these Actions.

14. **Post-Office Box(es).** The Notice Administrator or their designated agent(s) shall rent one or more post-office boxes in the name of the Clerk of the Court, to be used for receiving requests for exclusion from the Class and any other communications. Other than the Court or the Clerk of Court and the Notice Administrator, only Reebok, Reebok's Counsel, Class Counsel and their designated agents shall have access to these post-office box(es).

15. **Disclosure of Objections.** The Notice Administrator, Reebok's Counsel and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

16. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the settlement is terminated in accordance with the Settlement Agreement; or (c) the settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the

Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

17. **Use of Order.** This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Reebok of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in these Actions or in any other lawsuit.

18. **Access to Documents.** During the pendency of this Court's consideration of the proposed Settlement Agreement, Class Members and/or their attorneys shall be allowed access, at their own expense, at a place designated by Class Counsel, to the documents disclosed through discovery in these Actions to Class Counsel by Reebok, for the sole purpose of evaluating the fairness, reasonableness and adequacy of the proposed settlement, provided that such persons shall not be allowed access to these materials unless and until they enter into the Confidentiality Agreement, which is attached as an Exhibit to the Settlement Agreement. The terms and conditions of the Confidentiality Agreement are incorporated herein by reference and, if breached, may be the basis for a finding of contempt of Court. Only Class Members who have not excluded themselves from the Class will be allowed to review the documents produced by Reebok in the Actions.

19. **Retaining Jurisdiction.** This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

20. **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

/s/ F. Dennis Saylor<br>
F. DENNIS SAYLOR IV<br>
UNITED STATES DISTRICT JUDGE