**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE REEBOK EASYTONE LITIGATION**<br><br>This Document Relates to: All Actions | Case No. 4:10-CV-11977-FDS<br><br><u>CLASS ACTION</u> |

**FINAL JUDGMENT**

IT IS on this _____ day of _____, _____, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The settlement of this class action on the terms set forth in the Parties' Settlement Agreement, with exhibits (collectively, the "Settlement Agreement"), and definitions included therein, signed and filed with this Court on September 28, 2011, is finally approved, and the following class is granted final certification for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3): all persons or entities that purchased any and all Eligible Shoes and/or Eligible Apparel, from Reebok and/or its authorized retailers and wholesalers including, without limitation, Reebok U.S. Retailers, Reebok Concept Stores, Reebok.com, Reebok Outlets and/or other third-party retailers or wholesalers, from December 5, 2008 up to and including October 12, 2011 (the "Class Period"). Excluded from the Class are: (a) Reebok's Board members and executive-level officers, including its attorneys; (b) persons or entities who purchased the Eligible Apparel and/or Eligible Shoes primarily for the purpose of resale; (c) claims for personal injury relating to the use of Eligible Shoes and/or Eligible Apparel; (d) distributors or re-sellers of Eligible Shoes and/or Eligible Apparel; (e) the judge and magistrate judge and their immediate families presiding over the Actions; (f) governmental entities; and (g) persons or entities who or

which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.  "Eligible Apparel" means Reebok's EasyTone and other applicable Reebok toning apparel, purchased as new by Class Members during the Class Period, which are EasyTone Capri, EasyTone Pants, EasyTone Shorts, EasyTone Long Bra Top, EasyTone Sleeveless Shirt, and/or EasyTone Short Sleeve Top.  "Eligible Shoes" means Reebok's EasyTone shoes and other applicable Reebok toning shoes, purchased as new by Class Members during the Class Period, which are EasyTone, EasyTone Flip, RunTone, TrainTone, JumpTone, SimplyTone and/or SlimTone.

2.     The Court finds that only those persons and entities listed in Exhibit ___ to the Affidavit of _____, and filed with the Court have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and accompanying Final Order.  Class Counsel and Reebok's Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

3.     The Class Notice, the Summary Settlement Notice, the web site, the toll-free telephone number, and all other notices in the Settlement Agreement and the Declaration of the Notice Administrator, and the notice methodology implemented pursuant to the Settlement Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Actions, the terms of the settlement and their rights under the settlement, including, but not limited to, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of law, including, but

not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and the Due Process Clause(s) of the United States Constitution, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. The claims in *Altieri v. Reebok International Ltd.*, 4:10-cv-11977-FDS (D. Mass.) (the "*Altieri Action*"), and *Courtney Schwartz and Cheryl Hardy et al. v. Reebok International, Ltd.*, 1:10-cv-12018-FDS (D. Mass.) (the "*Schwartz Action*") are dismissed on the merits and with prejudice according to the terms (including the Release) set forth in the Parties' Settlement Agreement and in the Court's Final Order Approving Class Action Settlement, (the "Final Approval Order"), without costs to any party except as provided in the Final Approval Order.

5. All Class Members and/or their representatives who have not been timely excluded from the Class with respect to the Eligible Shoes and/or Eligible Apparel are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating (as class members or otherwise) in, or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that is covered by the Release.  In addition, all Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

- 4 -

6.	Reebok shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement and pursuant to the Orders of the Court.

7.	Class Counsel shall be awarded _____ in attorneys' fees and costs, which amount is approved as fair and reasonable, in accordance with the terms of the Settlement Agreement.

8.	Each of the named Plaintiffs, Sandra Altieri, Cheryl Hardy and Courtney Schwartz, shall each be awarded _____ as incentive awards in their capacity as representative Plaintiffs in the Actions.

9.	The Court will retain continuing jurisdiction over the *Altieri Action* and the *Schwartz Action* for the reasons and purposes set forth in this Court's Final Approval Order.


_____
F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE