IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| IN RE: | CASE No. 4:10-CV-11977-FDS |
|---|---|
| REEBOK EASYTONE LITIGATION | CLASS ACTION |
| | Objection to the Proposed Settlement, Objection to the Class Notification, and Objection to Attorney's Fees. |

To The Honorable District Judge:

Comes Nikki Johnson ("Objector"), and file this Objection to the Proposed Settlement, Objection to Class Notification, and Objection to Attorneys' Fees.

**1.     Objector is a Class Member**

Objector Nikki Johnson is a resident of Dallas, Texas and received notice by mail of this Settlement at 3141 Hood St, Ste 200, Dallas, TX 75219. A copy of the Claim Form is attached hereto.

I object to the settlement in this case and I am member of the purposed Class.

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

**2.      Proposed Settlement Attempts to Place Unlawful Restrictions on Objectors**

I object to paragraph 12 of the Preliminary Approval Order and Paragraph VI (A) of the Settlement Agreement that require more extensive documentation of a sales purchase than is required to file a claim or to opt out of the Settlement. I have only been able to obtain proof of purchase on two products, but I purchased more than two.

The Proposed Settlement attempts to place unlawful requirements on objectors— contrary to Supreme Court authority. In *Devlin v. Scardelletti,* (2002) 536 U.S. 1, the Court held that objectors who appear at the fairness hearing have the right to appeal approval of a proposed settlement. The *Devlin* Court did not expand that requirement of appearing at the hearing to include other requirements such as having a valid proof of purchase when similar documentation is not required to opt out or file a claim.

Nonetheless, and contrary to *Devlin,* the Settling Parties' agreement (and the Notice they wrote) purports to require objectors to submit proof of purchase documentation long before the fairness hearing on pain of not being heard.

This purported requirement in the Settling Parties' agreement is, it is submitted, unlawful.

Further, the Notice is misleading in claiming that objectors will not be heard if they do not file and provide additional information.

From the Notice and Claim Form I received it is obvious that I am in the Reebok data base as a purchaser of covered products. Only if someone is not in the Reebok data base is it proper to ask for additional documentations; such as may be requested by the claims administrator.

---

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

2

It is respectfully submitted that a settlement agreement containing unlawful terms and founded on a misleading notice to class members may not be properly approved.

**3.      Objection to the Requirement of the Claim Form**

In a world of junk mail important notices such as "you are a member of a class action" may go unopened and unread. From Paragraph IV of the Settlement Agreement it is clear the parties will relie in part upon data bases obtained from Reebok. For individuals such as myself who is a member of the class as reflected in the Defendant Reebok's own records, there should be no requirement to file a claim. A check should simply be sent. Requiring a claim form is simply a barrier to class members being compensated.

**4.      Adequacy of Representation**

The class representatives failed to fairly and adequately represent the interest of class members when they agreed that class members needed to file a claim in the Settlement Agreement. To the extent that Reebok has documentation of purchases by class members they should simply be sent a check and not have to file a claim form. The Representatives failed in their duty to class members.

**5.      Objection to Class Notice**

Neither the Court in it's Preliminary Approval Order  or the Settlement Agreement notes how many class members purchased eligible Reebok shoes or apparel from December 5, 2008 through October 12, 2011 or the value of products purchased. The

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

Settlement does provided mechanisms for adjusting the amount a class member may receive and makes provision for unclaimed funds to go to the Federal Trade Commission.

This lack of information alone in the notice makes the notice inadequate. However the issues with the adequacy of notice continues because no notice is given to the class of the estimated costs of notice or administration. Because the notice given to the class is not the adequate and sufficient notice to the class members because of its lack of information concerning the amount that may ultimately be returned to the class.

**6.        Objections to the Settlement**

The settlement is not fair, reasonable, or adequate, and Objectors object to the proposed settlement, for the following reasons:

The settlement has been reached with questions outstanding concerning discovery, although the parties claim formal discovery it appears much of the information was provided by Reebok was though informal means.

The class does not know the amount of money at issue or simply the universe of possible damages to compare against the settlement. Currently without fundamental financial information and a discussion of possible success on the merits it is not possible to approve the settlement as being fair, reasonable and adequate to the class.

What is the value of the settlement to class members?  We do not know as neither the Settlement Agreement or Preliminary Approval Order even attempts to  make an estimate. It is difficult to evaluate a settlement without an estimated value to the class, which further makes evaluation of attorneys fees difficult.

4

**7.     Objections to the Fee Petition**

Fed. R. Civ. P. 23(h) provides, in relevant part:

> (h)     Attorney's Fees and Nontaxable Costs.  In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

> > (1)     A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets.  Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

> > (2)     A class member, or a party from whom payment is sought, may object to the motion.

The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable.  The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate.

Objector objects to the request for fees to Class Counsel. In this case there should be a cross check using the lodestar method.

**8.     Telephone Participation**

I request permission to participate by listening by telephone to the Fairness Hearing as I live in Texas.

**9.     Objector Incorporates any Proper Objections Filed by Other Objectors Herein.**

5

1    Wherefore, Objector prays that the Court deny the proposed settlement, deny the

2    requested fees to Class Counsel and grant Objector such other and further relief as to

3    which Objector may be entitled.

4

5

6                                            Respectfully submitted,

7

8                                            N ⨉

9

10                                           Nikki Johnson. Per se
                                             3141 Hood St, Ste 200.
11                                           Dallas, TX 75219

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

1

**Certificate of Service**

2

I hereby certify that a copy of the above and foregoing document has been served

3 on December 22 , 2011 and by mail to the following:

4

5 Clerk of the Court

6 United States District Court
District of Massachusetts

7 Donohue Federal Building
595 Main Street

8 Worcester, MA 01608

9

Timothy G. Blood, Esq.

10 Blood Hurts & O'Reardon LLP
600 b Street, Suite 1550

11 San Diego, CA 92101

12

John P. Hooper, Esq.

13 Reed Smith LLP
599 Lexington Avenue

14 New York, NY 10022

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

ss Action Settlement Administrator
C\O Rust Consulting, Inc.
PO Box 2607
Faribault, MN 55021-9607

RBK01013716



IIuuludluuldluullludlulilltllulllulldlduulllal

NIKKI JOHNSON
3141 HOOD ST STE 200
DALLAS, TX 75219-5000

# Reebok Shoe and Apparel Class Action Settlement

## Claim Form

Use this claim form only if you bought eligible Reebok shoes or apparel from *December 5, 2008 through October 12, 2011.*
The eligible Reebok shoes and apparel are listed below.

**All claim forms must be electronically submitted no later than April 10, 2012 or postmarked no later than April 10, 2012 to**:

Class Action Settlement Administrator
C\O Rust Consulting, Inc.
PO Box 2607
Faribault, MN 55021-9607

| CLAIM INFORMATION |
| --- |
| **CLASS MEMBER INFORMATION** |
| Name: _____ |
| Mailing Address: _____ |
| City: _____  State: _____  Zip Code: _____ |
| Best Telephone Number: ( _____ ) _____ - _____  E-mail Address: _____ |





