Lori Rivero
13641 Camino de Oro Court
Corpus Christi, Texas 78418

December 27, 2011

FILED
IN CLERKS OFFICE

2011 DEC 28 A 10: 04

U.S. DISTRICT COURT
(D. OF MASS.)

Re: In re Reebok EasyTone Litigation, Case No. 4:10-CV-11977-FDS (D. Mass).

This is an objection to the class action settlement in the In Re Reebok case noted above.

My name and address is:

Lori Rivero
13641 Camino de Oro Court
Corpus Christi, Texas 78418.

My telephone number is (361-815-1389). I will not appear and argue at the fairness hearing. I request that this objection be submitted on the pleadings at the fairness hearing.

As a preliminary matter, I object that class members - indeed class members that will receive compensation under this settlement – can only object if they have a proof of purchase of Eligible Shoes or Apparel. All class members should be able to object, not just those that happened to save a proof of purchase. I object to this requirement in the class notice. I attach a copy of my claim form and the receipt from the Claims Administrator. This should be sufficient to show class membership for the purpose of objecting. Moreover, to extent that my claim is treated differently because I objected than any other claim, I further object that that is unfair, unreasonable and violates my due process rights. There should not be a different standard for demonstrating that I am a class member for purposes of making a claim than for objecting. I have submitted a claim online as well. My refund request # is 00280910, filed December 26, 2011. This is my proof of purchase, which is similar, or "such as," those forms of proof purchase included in the non-exclusive list in the notice.

I also object to the settlement on the basis that the proponents of this settlement have not discharged their burden of proof on the fairness, adequacy and reasonableness of this settlement.

First, the claims process in the settlement is unfair and will unfairly drive down claims by requiring a statement under penalty of perjury. This requirement will drive down the filing of valid claims. The $25 million settlement amount is distributed unfairly between and among class members. The $25 million is also money from a settlement with the FTC. Objection is made on the basis that class counsel appears to be taking credit for a $25 million settlement that is taking place even if this Court does not approve this settlement.

Finally, I object to attorneys' fees and expenses as excessive under a lodestar or a percentage of recovery methodology.

To the extent necessary, I move to intervene in this case as a matter of right. I am a class member who has an interest in this litigation and this settlement and my rights are not being fairly protected by class counsel or anyone else in this litigation.

I do not intend to appear and argue at the fairness hearing.

Lori Rivero

*Lori Rivero* (signature)