**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| **IN RE REEBOK EASYTONE LITIGATION** ) | **Case No. 4:10-CV-11977-FDS** |
| ) | |
| This Document Relates to: All Actions ) | <u>CLASS ACTION</u> |
| ) | |
| ) | |
| ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF JOINT MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND**
**<u>CERTIFICATION OF SETTLEMENT CLASS</u>**


Timothy G. Blood
**BLOOD HURST & O'REARDON, LLP**
600 B Street, Suite 1550
San Diego, California  92101
Telephone:  (619) 338-1100
Facsimile: (619) 338-1101
tboold@bholaw.com

Janine L. Pollack
**MILBERG LLP**
One Pennsylvania Plaza
New York, New York  10119
Telephone: (212) 594-5300
Facsimile: (212) 273-4388
jpollack@milberg.com

Adam J. Levitt
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ, LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
levitt@whafh.com

*Plaintiffs' Class Counsel*

**Dated:**  January 10, 2012

I.      INTRODUCTION

As set forth in Plaintiffs' Joint Motion for Final Approval of Class Action Settlement and Certification of Settlement Class, ("Final Approval Motion") (Dkt. No. 59), the Settlement readily meets the "fair, reasonable and adequate" standard and has been well received by the Class.  Since the time plaintiffs filed their Final Approval Motion, they received correspondence from three separate Class members identifying possible objections.   One Class member's submission was erroneously characterized as an "objection" but has since been corrected as a claim to the Settlement.[1]

The two other objections, however, were not filed by well-intentioned members of the Class, but rather by "professional" or "serial" objectors.  Professional objectors – characterized as "remoras" by one federal judge[2] – pose a significant obstacle to the approval and implementation of class action settlements.  As the *Manual for Complex Litigation (Fourth)*, § 21.643, at 326, explains:

> Some objections, however, are made for improper purposes and benefit only the objectors and their attorneys (*e.g.* by seeking additional compensation to withdraw even ill-founded objections).  An objection, even of little merit, can be costly and significantly delay implementation of a class settlement…. Objections may be motivated by self-interest rather than a desire to win significant improvements in the class settlement.  A challenge for the judge is to distinguish between the meritorious objections and those advanced for improper purposes.

These are precisely the type of objections made by serial objectors Nikki Johnson and Lori Rivero, as well as the lawyers that actually drive the objections, but do not bother to appear on the objections.  Lori Rivero is the wife of Omar Rivero, a Corpus Christi lawyer with a track

---

[1]   *See* Declaration of Leslie E. Hurst in Support of Plaintiffs' Reply in Support of Joint Motion for Final Approval of Class Action Settlement and Certification of Settlement Class ("Hurst Decl."), ¶¶ 2-3.

[2]   In *In re UnitedHealth Group Inc. PSLRA Litig.*, No. 06-CV-1691 (JMR/FLN), 643 F. Supp. 2d *1107* (D. Minn. 2009), Judge Rosenbaum characterized professional objectors as "remoras" ("[t]he remoras are loose again"), emphatically denied a group of professional objectors' motion for attorneys' fees in a class action settlement, criticized their "laughable" suggestions, and characterized "their goal [as being] … to hijack as many dollars for themselves as they can wrest from a negotiated settlement." *Id.* at 1108-09.  The situation here is not different.

record of filing thin objections to class action settlements to try to extort large payments from class counsel.  In this case, however, the Riveros are no longer a problem because they recently withdrew Ms. Rivero's objection after she was ordered to sit for deposition.[3]

Nikki Johnson is a serial objector in her own right and has a significant track record of filing baseless objections, fueled by her attorney, Thomas L. Cox, Jr. who has filed numerous baseless objections seeking payoffs to drop them.  This serial objector's game plan, sadly, follows a pattern common to other professional objectors.  As she does in all cases, serial objector Johnson fully intends to lose her objection at the trial court level.  Instead of providing any improvement to the Settlement, she seeks to create leverage for her unfounded position by filing a notice of appeal, hoping that the delay occasioned by an appeal will enable her to extract a payment to her lawyer in return for abandoning the appeal.  The newest trick Johnson's counsel, Cox, has employed is to not appear on the objection to avoid the district court's jurisdiction over him, including the court's power to discipline him.  Johnson's baseless and unsupported objection will not provide any added benefit to the Class but instead will only serve to delay the relief to Class members, while Johnson's lawyer attempts to extort payment for himself.

Johnson's objection has no merit.  Accordingly, Class Counsel respectfully request that the Court overrule Johnson's objection – the only objection to this excellent and widely supported Settlement – and grant final certification of the Settlement Class.

## II.   JOHNSON IS A PROFESSIONAL OBJECTOR

Legitimate objectors exercising their right to object to a settlement play a valuable role in ensuring that the settlement is fair and adequate.  However, a growing number of unscrupulous attorneys makes a living exploiting the right to object to class action settlements by filing

---

[3]   *See* Declaration of Joshua E. Keller in Support of Plaintiffs' Reply in Support of Joint Motion for Final Approval of Class Action Settlement and Certification of Settlement Class ("Keller Decl."), and Ex. 2 to Keller Decl.

unsubstantiated objections and subsequent appeals for the sole purpose of extorting a payoff. This ultimately hurts the class members and comes at their expense.

The Federal Judicial Center and countless state and federal courts around the country have written about serial objectors, including those in this case, and warn courts to "[w]atch out … 'for canned objections filed by professional objectors who seek out class actions to simply extract a fee for lodging generic, unhelpful protests.'"  Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, *Managing Class Action Litigation: A Pocket Guide for Judges*, at 11 (2005); *see also In re United Health Group PSLRA Litig.*, 643 F. Supp. at 1108 (referring to one group of professional objectors as "remoras" who were "loose again").  Courts are further cautioned to be "wary of self-interested professional objectors who often present rote objections to class counsel's fee requests and add little or nothing to the fee proceedings." *Managing Class Action Litigation*, at 24.

Meritless objections hurt the class because they delay relief provided under the settlement.  "[M]eritless objections tend to delay providing benefits to bone fide and deserving class members inasmuch as settlements commonly do not provide for payments of any benefits until the judgment entered approving a settlement is final and not subject to further appeal." Alba Conte & Herbert B. Newberg, *5 Newberg on Class Action* § 15:37 (4th ed. 2002); *see also Devlin v. Scardelletti*, 536 U.S. 1, 23 n.5 (2001) (Scalia, J., dissenting) (observing that professional objectors' penchant for filing "canned" briefs and baseless objections often leads to baseless appeals in the quest for a fee); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 6-7 (1st Cir. 1999) ("[W]e recognize that a class member and his or her attorney conceivably could object to a proposed settlement solely to set up an appeal designed to obtain a nuisance value recovery and/or advantageous fee arrangement."); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, *3-*4 (D. Mass. Aug. 22, 2006) ("[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors.  Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.").

While on the face of her objection she appears to be a Class member unrepresented by counsel, Nikki Johnson is a self-interested professional objector working in concert with counsel not to improve this Settlement but, instead, to receive a payoff.   Nikki Johnson is a serial objector who over the last year has filed at least three other objections to Class settlements based on essentially the same objections asserted here.   *See In re NVIDIA GPU Litig.*, No. 5:08-cv-04312 (N.D. Cal.); *Frederick v. FIA Card Servs., N.A.*, No. 09-cv-03419 (C.D. Cal.); *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, No. 1:10-cv-02278 (N.D. Ill); Hurst Decl., Exs. H, J, and K.   In all three cases, Johnson's objections were overruled.   As here, she was represented by Thomas L. Cox, Jr. on appeal.   Cox also has ghostwritten Johnson's objection here.   *See* Declaration of Edmund S. Aronowitz Regarding Attempted Deposition of Objector Nikki Johnson ("Aronowitz Decl."), ¶ 13; Dkt. No. 65.

After Class Counsel served Johnson with a deposition subpoena concerning the bases for her objection, Cox predictably surfaced as her attorney and filed a motion to quash the subpoena. Aronowitz Decl., ¶ 10.   Cox has filed at least fourteen objections to class settlements in the last two years.[4]   In all cases, Cox's objections were overruled and in almost all he appealed, holding up relief to class members in an effort to extort a payment.   Recently, Judge J. Frederick Motz of the District of Maryland appropriately labeled Cox as a "frequent and professional objector" whose objections are "not sustained."   *In re Mut. Funds Inv. Litig.*, No. 04-md-15863, 2011 U.S. Dist. LEXIS 31787, *33 n.1 (D. Md. Mar. 23, 2011).

---

[4]   *See Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546 (D.N.J. 2010); *In re Mut. Funds Inv. Litig.*, 1:04-md-15863 (D. Md.); *Arthur v. Sallie Mae, Inc.*, 2:10-cv-00198 (W.D. Wash.); *Kardonick v. JP Morgan Chase & Co.*, 10-cv-23235-WMH (S.D. Fla.); *In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litig.*, 1:08-md-01982-RDB (D. Md.); *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 3:08-md-01998-TBR (W.D. Ky.); *In re Lawnmower Engine Horsepower Mktg. and Sales Prac. Litig.*, 2:08-md-01999-LA (E.D. Wisc.); *In re AT&T Mobility Wireless Data Srvs. Tax Litig.*, 1:10-cv-02278 (N.D. Ill.); *In re Pre-filled Propane Tank Mktg. & Sales Prac. Litig.*, 4:09-md-02086-GAF (W.D. Mo.); *In re NVIDIA GPU Litig.*, 5:09-cv-04312-JW (N.D. Cal.); *Frederick v. FIA Card Srvs., N.A.*, 2:09-cv-03419-AG-RNB (C.D. Cal); *In re Lifelock, Inc. Mktg. & Sales Prac. Litig.*, 2:08-md-01977-MHM (D. Ariz.); *In re Google Buzz Privacy Litig.*, 5:10-cv-672 (N.D. Cal.); *Baggett v. Hewlett-Packard Co.*, 8:07-cv-00667 (C.D. Cal.); Hurst Decl., Exs. A-N.

**III.    VI.    JOHNSON'S OBJECTION IS BASELESS AND SHOULD BE OVERRULED**

None of the contentions Johnson asserts in her objection has any merit and cannot justify denying approval of the exceptional Settlement that the parties and the Federal Trade Commission have reached in this case.  Accordingly, the unsupported and frivolous objection should be overruled.

**A.    The Requirements For Objectors Are Reasonable**

Johnson contends that the Settlement imposes unlawful requirements on objectors because it requires them to submit proof of purchase in order to object, but not to submit a claim. Requiring an objector to submit proof of membership in a class is standard procedure in class settlements.  *See, e.g.*, *Trombley v. Bank of Am. Corp.*, No. 08-cv-456, 2011 U.S. Dist. LEXIS 95140, *16 (D. R.I. Aug. 24, 2011); *In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92, 2011 U.S. Dist. LEXIS 103698, *6 (S.D.N.Y. Aug. 25, 2011).  This is because, as a general rule only class members have standing to object to a proposed class settlement.  *See McReynolds v. Richards-Cantave*, 588 F.3d 790, 792 n.1 (2d Cir. 2009) (observing that "only class members have standing to object to the settlement of a class action"); *see also Duhaime*, 183 F.3d at 3.

*Devlin v. Scardelletti*, 536 U.S. 1 (2002), upon which Johnson heavily relies, does not hold otherwise.  In *Devlin* the issue was whether an objector to a Fed. R. Civ. P., Rule 23(b)(1) class settlement could be required to formally intervene in order to appeal approval of the settlement.  *Id.* at 3.  The Supreme Court found that intervention cannot be required because the unnamed class member was not permitted to opt out of the settlement under Rule 23(b)(1) and could object at the fairness hearing without first intervening.  *Id.* at 10-11.  *Devlin*, however, did not deal with the issue of whether an objector could be required to demonstrate her membership

00040131                                                5

in the settlement class in order to have standing to object at the fairness hearing.  This simply was not at issue in *Devlin*.

As discussed more fully below, it is not enough, as Johnson suggests, to look to the Reebok database to determine if an objector is in fact a Class member.  The Reebok database is made up of Reebok customers generally and is not specific to Class members here, nor does it include the entire universe of Class members.

Additionally, it is not true that more proof is required from objectors than Class members making a claim.  The Settlement requires all claimants to sign their claim form under penalty of perjury, and for claims over $200.00 in value, proof of purchase is required.  *See* Ex. 1 to Settlement.  The Settlement also permits the Settlement Administrator to request verification of purchase from claimants, and if the verification is not timely submitted, the claim will be disqualified.  *See* Settlement, ¶ 2.  Accordingly, just as the objectors are required to prove membership in the Class to have standing to object, claimants may be required to provide proof of membership to obtain relief.  Requiring objectors to demonstrate that they are actually members of the Class before holding up millions of dollars in payments to hundreds of thousands of Class members is hardly a basis for objection.  Instead, it is a wise requirement to guard the settlement fund against malicious objections like Johnson's.

**B.      The Use of a Claim Form Does Not Make the Settlement Unfair**

Johnson objects that Class members who received direct notice should not have to submit a claim form but simply should be sent a check.  Johnson's objection is unfounded.  Reebok's database mentioned in paragraph IV of the Settlement Agreement is not a Class list but is an over-inclusive list of Reebok customers and under-inclusive list of Class members.  These customers may or may not have purchased the Toning Products, and not every Class member who purchased the Toning Products is in the database.  To send everyone on this list a check

00040131                                                  6

would result in non-Class members receiving money, reducing the amount of relief available to actual Class members whose information is not in the database.  The very simple one page claim form is required to protect the fund intended for the Class.

### C.      The Notice Was Adequate

Again without citation, support, or analysis, Johnson contends that the content of the Notice was inadequate because it did not identify the total number of Class members and failed to state the costs of notice or administration.  Johnson, however, fails to explain why a Class member would need this information or how it would assist the Class member in making decisions about the Settlement.  Notice is adequate if it is "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Notice must include: the nature of the action; the definition of the class certified; the class claims, issues or defenses; that a class member may enter an appearance through an attorney; that the court will exclude any members who request exclusion; the time and manner of requesting exclusion; and the binding effect of a class judgment.  Fed. R. Civ. P. 23(c)(2)(B). Nothing more is required.  *See In re Lupron(R) Mktg. & Sales Prac. Litig.*, 228 F.R.D. 75, 96 (D. Mass. 2005) (meeting requirements of Rue 23(c)(2) for notice satisfies due process); *Simonet v. GlaxoSmithKline*, No. 06-1230, 2009 U.S. Dist. LEXIS 82508, *7-*8 (D.P.R. Sept. 10, 2009) (only requirements laid out in Rule 23(c)(2)(B) are required).  The Notice, as previously approved by this Court, provided this information.  *See* Dkt. No. 47.

Additionally, in discussing the relief to the Class, the Notice informed Class members that the costs and expenses associated with disseminating notice and claims administration will be paid for from the $25 million provided by Reebok, but, also, that each Class member will receive $50.00 for eligible shoes, and $40.00 or $25.00 for clothing depending on the type of

00040131                                          7

clothing.  Depending on the costs and claims, Class members could receive more or less.  This is standard procedure in class settlements because notice to the Class is ultimately considered a benefit to the Class.  *See, e.g.*, *In re M3 Power Razor Sys. Mktg. & Sales Prac. Litig.*, 270 F.R.D. 45, 52 (D. Mass. 2010) (ordering costs of notice paid from settlement fund); *see also Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003) (notice is benefit to class); *Johnston v. Comerica Mortg. Corp.*, 82 F.3d 241, 246 (8th Cir. 1996) (same); *In re Cycling Sec. Litig.*, 274 F. Supp. 2d (N.D. Cal. 2003) (approving settlement and ordering payment from common fund to claims administrator for cost of notifying and administering settlement).  Accordingly, the Notice here is more than adequate and the Court should deny Johnson's objection on this ground as well.

      **D.**      **Sufficient Discovery Was Taken For Class Counsel To Adequately Assess the Settlement**

As Cox reflexively states in his several objections in many other cases, Johnson contends, without citation or analysis, that "[t]he settlement has been reached with questions outstanding concerning discovery" because "much of the information was provided was (sic) though (sic) informal means."  *See* Dkt. No. 65, at 4.  Johnson goes on to complain that as a result, the Class "does not know the amount of money at issue or simply the universe of possible damages to compare against the settlement."  *Id.*  Nonsense.  The informal discovery in this case has been extensive and is more than adequate to allow both the Court and the parties to make informed judgments.

As explained in the Final Approval Motion, prior to entering into the Settlement, Plaintiffs' Counsel conducted significant investigation and analysis of the claims and conducted an extensive fact investigation through interviews of key executives at Reebok and the review of over 400,000 documents comprising over 50 gigabytes of data, access to three databases containing thousands of data assets, and access to key corporate witnesses for deposition-like

interviews.   Through review and analysis of this discovery, Plaintiffs' Counsel were able to assess the potential recovery to the Class and agree to the best possible Settlement for the Class. Indeed, this discovery provided ample confirmatory evidence for plaintiffs to assess the strengths and weaknesses of their claims and chances of prevailing in what would most likely constitute lengthy and protracted litigation, ultimately favoring settlement.

Moreover, the lack of formal discovery is not an impediment to approval of the Settlement.   Indeed, given the extensive informal discovery reviewed and taken prior to Settlement, requiring formal discovery would entail significant expenditures in resources and time – both at a cost to the Class – with limited marginal value. *See In re M3 Power Razor Sys.*, 270 F.R.D. at 63 (approving settlement based on informal and confirmatory discovery); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981) (finding settlement appropriate, despite absence of formal discovery, when "plaintiffs did have access to information"); *McBean v. City of New York*, 233 F.R.D. 377, 385 (S.D.N.Y. 2006) ("Discovery has costs, and further discovery would have taken additional time and resulted in the expenditure of additional funds on both sides.").

### E.      The Requested Award of Attorneys' Fees is Appropriate

Standard practice for serial objectors is to attack class counsel's fee request, regardless of the requested fee or work performed.  As explained in the opening brief, Class Counsel here expended significant time litigating this case including drafting initial complaints, amended complaints and a consolidated complaint, engaging in extensive discovery, and extensive, protracted arm's-length settlement discussions with Reebok, and will have spent considerably more time by the time final approval is obtained, the Settlement defended on appeal, and relief distributed.  In sharp contrast, Johnson is fighting to advance her own narrow pecuniary interest

in extracting a ransom for holding Class members' relief hostage, and she does nothing to improve the Settlement.

Also without analysis, Johnson reflexively objects that the amount of fees sought by Class Counsel is unfair and unreasonable as compared to the benefits to the Class.  Class Counsel requested a reasonable fee award of $3.5 million and expenses of $82,300, which represents only 12.53% of the total monetary value of the Settlement.  This falls well below the typical percentage awarded and is wholly reasonable given the effort on a wholly contingent basis that Counsel expended in obtaining the significant relief for the Class.  *See, e.g.*, *In re Am. Dental Partners, Inc. Sec. Litig.*, No. 08-CV010119, 2010 U.S. Dist LEXIS 35074, *2 (D. Mass. Apr. 9, 2011) (awarding 22.5% of $6,600,000 settlement fund).  Moreover, Reebok is paying Plaintiffs' Counsel's fees over and above the Settlement amount.  Accordingly, Plaintiffs' Counsel's fee award does not decrease the amount of the Settlement in any way.

Finally, demonstrating the negligible effort professional objectors put into their boilerplate objections, Johnson also objects that the requested fee award is unreasonable because "a cross check using the lodestar method" should be used.  Plaintiffs here, in fact, clearly presented the use of a cross check using the lodestar method, submitting counsel's lodestar information to the Court (2,830 hours in the prosecution of the Action resulting in a lodestar of $1,629,978), which similarly supports the fee application.  *See* Dkt. No. 61, at 16-17.

## IV.    CONCLUSION

The objection of Nikki Johnson should be overruled and final approval of the Settlement granted.

Dated: January 10, 2012                                 Respectfully submitted,

                                                                       s/ *Timothy G. Blood*
                                                                       TIMOTHY G. BLOOD
                                                                       **BLOOD HURST & O'REARDON, LLP**

600 B Street, Suite 1550
San Diego, California  92101
Telephone:  (619) 338-1100
Facsimile: (619) 338-1101
tboold@bholaw.com

Janine L. Pollack
**MILBERG LLP**
One Pennsylvania Plaza
New York, New York  10119
Telephone: (212) 594-5300
Facsimile: (212) 273-4388
jpollack@milberg.com

Adam J. Levitt
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
Facsimile: (312) 984-0001
levitt@whafh.com

*Plaintiffs' Class Counsel*


David Pastor
GILMAN AND PASTOR, LLP
63 Atlantic Avenue, 3rd Floor
Boston Massachusetts 02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
dpastor@gilmanpastor.com

*Plaintiffs' Liaison Counsel*

00040131

11

## CERTIFICATE OF SERVICE

I, Timothy G. Blood, hereby certify that on January 10, 2012, a true copy of *Plaintiffs' Reply in Support of Joint Motion for Final Approval of Class Action Settlement and Certification of Settlement Class* was served upon the attorney of record for each party via the District of Massachusetts' ECF system.


s/  *Timothy G. Blood*
TIMOTHY G. BLOOD

00040131