## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE REEBOK EASYTONE LITIGATION | No. 4:10-CV-11977-FDS

This Document Relates to:                    CLASS ACTION

All actions

## DECLARATION OF EDMUND S. ARONOWITZ REGARDING ATTEMPTED
## DEPOSITION OF OBJECTOR NIKKI JOHNSON

I, EDMUND S. ARONOWITZ, declare:

1.      I am an attorney at Wolf Haldenstein Adler Freeman & Herz LLC, co-counsel for

plaintiffs in the above-captioned litigation and one of the firms designated by the Court as Class

Counsel. I submit this declaration in support of Plaintiffs' Reply in Support of Motion for Final

Approval of Class Action Settlement and Certification of Settlement Class and in support of

Plaintiffs' Response and Brief in Opposition to Objector Nikki Johnson's Motion to Quash

Deposition Subpoena in *In re: Reebok EasyTone Litigation*, Case No. 3:12-MC-00001-L (BF)

(N.D. Tex.). I make this declaration based on my personal knowledge and on information and

belief.

2.      On December 27, 2011, Nikki Johnson's objection in the above-captioned

litigation (Dkt. No. 65, "Objection") was filed. A copy of the Objection is attached as Exhibit A

hereto.

3.      On December 28, 2011, I issued a Subpoena commanding Ms. Johnson to appear

at a deposition to take place, in Dallas, Texas, on Wednesday, January 4, 2012. A copy of this

Subpoena is attached as Exhibit B hereto.

4.      On December 29, 2011, Adil Tadli, a process server for Special Delivery, a

process serving company in Dallas, made a first attempt to serve this Subpoena upon Ms.

Johnson at the address indicated on her Objection – "3141 Hood St., Ste 200, Dallas, TX 75219." This attempt was unsuccessful. A copy of the email update from Special Delivery regarding the attempt is attached as Exhibit C hereto.

5.     Mr. Tadli made a second attempt at service shortly thereafter. This attempt was also unsuccessful. A copy of the email update from Special Delivery regarding the attempt is attached as Exhibit D hereto.

6.     Mr. Tadli made a third attempt at service on December 30, 2011. This attempt was unsuccessful. A copy of the email update from Special Delivery regarding the attempt is attached as Exhibit E hereto.

7.     Mr. Tadli informed me that the business address provided by Ms. Johnson appeared to be closed and that he could not find Ms. Johnson for service at an alternate address either.

8.     Due to the New Year's holiday weekend, further attempts to serve Ms. Johnson could not be made until January 3, 2012. Because the original Subpoena requested that Ms. Johnson appear for her deposition on January 4, 2012, I issued an Amended Subpoena on January 3, 2012, for service that same day, commanding Ms. Johnson's attendance at a deposition to take place on Friday, January 6, 2012. A copy of this Amended Subpoena is attached as Exhibit F hereto. Mr. Tadli successfully served this Amended Subpoena, as indicated on the proof of service, by personally delivering the Amended Subpoena to Ms. Johnson at the address provided on the Objection.

9.     After receiving confirmation of service of the Amended Subpoena, I proceeded to make travel arrangements to fly from Chicago to take Ms. Johnson's deposition in Dallas. A copy of my Traveler Invoice is attached as Exhibit G hereto.

10. After I had made travel arrangements, on January 5, 2012, at 2:38 p.m., CST, I received the Motion to Quash the Amended Subpoena by e-mail from "Tom Cox." A copy of Mr. Cox's email is attached as Exhibit H hereto.

11. Prior to filing his Motion to Quash, Mr. Cox did not contact me, or any other individual appointed by the Court as Class Counsel in *In re: Reebok EasyTone Litigation*, for a pre-motion conference as required by N.D. Tex. L.R. 7.1. Nor did Mr. Cox attach a Certificate of Conference to his motion.

12. After receiving the Motion to Quash, I determined that only a court order, rather than the mere filing of the motion, would stay the duly scheduled deposition of Ms. Johnson. I carefully monitored the Northern District of Texas docket to see if any action had been taken on the Motion to Quash. The last time I checked the docket prior to travelling the case had yet to be opened on the Northern District of Texas' CM/ECF system. Accordingly, I travelled to Dallas, Texas, as previously planned, on the morning of January 6, 2012 and arrived at the place designated for the deposition of Ms. Johnson prior to the 1:30 p.m. start time for that deposition. I proceeded to wait for Ms. Johnson to see if she would attend her duly scheduled deposition. After more than an hour of waiting, I contacted Mr. Cox by telephone to determine whether Ms. Johnson would be appearing for her deposition. Mr. Cox told me that she would not be appearing. At my suggestion, Mr. Cox and I jointly called the Court to see if this matter could be quickly resolved prior to my departure back to Chicago.

13. During this phone call, Mr. Cox admitted to me that that he "assisted" Ms. Johnson in writing the Objection.

14. Approximately 90 minutes after Ms. Johnson's deposition was scheduled to start, Judge Stickney's clerk informed Mr. Cox and me by telephone that the deposition would be

- 3 -

stayed. An Order staying the deposition and setting a briefing scheduled was entered sometime thereafter.

15.     While and after I was on the phone with Mr. Cox and the Court, a hearing on the Motion to Quash the deposition of objector Lori Rivero – another individual who had objected to the settlement of the *In re: Reebok EasyTone Litigation* – was taking place via telephone before the Honorable Magistrate Judge B. Janice Ellington for the United States District Court for the Southern District of Texas. After hearing arguments, the motion was denied and it was ordered that the deposition of Ms. Rivero take place. A copy of excerpts from the transcript of Judge Ellington's hearing on the Motion to Quash the Rivero deposition are attached hereto as Exhibit I. Ms. Rivero subsequently indicated that she would move to withdraw her objection.

16.     On January 6, 2012, I flew back to Chicago from Dallas. The total cost for my trip to Dallas, excluding court reporter fees, was $ 929.60.

DATED: January 10, 2012

Edmund S. Aronowitz

# Exhibit A

1

2

3    **IN THE UNITED STATES DISTRICT COURT**
     **FOR THE DISTRICT OF MASSACHUSETTS**
4

5

6    | IN RE: | CASE No. 4:10-CV-11977-FDS |

7    **REEBOK EASYTONE LITIGATION** | CLASS ACTION

8
     | | Objection to the Proposed Settlement,
9    | | Objection to the Class Notification, and
     | | Objection to Attorney's Fees.
10

11

12

13

14   To The Honorable District Judge:

15

16       Comes Nikki Johnson  ("Objector"), and file this Objection to the Proposed

17   Settlement, Objection to Class Notification, and Objection to Attorneys' Fees.

18

19   1.    *Objector is a Class Member*

20
         Objector Nikki Johnson is a resident of Dallas, Texas and received notice by mail
21
22   of this Settlement at  3141 Hood St, Ste 200, Dallas, TX 75219. A copy of the Claim

23   Form is attached hereto.

24       I object to  the settlement in this case and I am  member of the purposed Class.

25

26

27

28

                                                                                    1

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

**2.   Proposed Settlement Attempts to Place Unlawful Restrictions on Objectors**

I object to paragraph 12 of the Preliminary Approval Order and Paragraph VI (A) of the Settlement Agreement that require more extensive documentation of a sales purchase than is required to file a claim or to opt out of the Settlement. I have only been able to obtain proof of purchase on two products, but I purchased more than two.

The Proposed Settlement attempts to place unlawful requirements on objectors– contrary to Supreme Court authority. In *Devlin v. Scardelletti*, (2002) 536 U.S. 1, the Court held that objectors who appear at the fairness hearing have the right to appeal approval of a proposed settlement. The *Devlin* Court did not expand that requirement of appearing at the hearing to include other requirements such as having a valid proof of purchase when similar documentation is not required to opt out or file a claim.

Nonetheless, and contrary to *Devlin*, the Settling Parties' agreement (and the Notice they wrote) purports to require objectors to submit proof of purchase documentation long before the fairness hearing on pain of not being heard.

This purported requirement in the Settling Parties' agreement is, it is submitted, unlawful.

Further, the Notice is misleading in claiming that objectors will not be heard if they do not file and provide additional information.

From the Notice and Claim Form I received it is obvious that I am in the Reebok data base as a purchaser of covered products. Only if someone is not in the Reebok data base is it proper to ask for additional documentations; such as may be requested by the claims administrator.

2

1  It is respectfully submitted that a settlement agreement containing unlawful terms

2  and founded on a misleading notice to class members may not be properly approved.

3

4

5  **3.   Objection to the Requirement of the Claim Form**

6  In a world of junk mail important notices such as "you are a member of a class

7  action" may go unopened and unread. From Paragraph IV of the Settlement Agreement

8  it is clear the parties will relie in part upon data bases obtained from Reebok. For

9  individuals such as myself who is a member of the class as reflected in the Defendant

10  Reebok's own records, there should be no requirement to file a claim. A check should

11

12  simply be sent. Requiring a claim form is simply a barrier to class members being

13  compensated.

14

15

16  **4.   Adequacy of Representation**

17  The class representatives failed to fairly and adequately represent the interest of

18  class members when they agreed that class members needed to file a claim in the

19  Settlement Agreement. To the extent that Reebok has documentation of purchases by

20
class members they should simply be sent a check and not have to file a claim form. The
21

22  Representatives failed in their duty to class members.

23

24  **5.   Objection to Class Notice**

25
Neither the Court in it's Preliminary Approval Order or the Settlement Agreement
26

27  notes how many class members purchased eligible Reebok shoes or apparel from

28  December 5, 2008 through October 12, 2011 or the value of products purchased. The

3

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

1  Settlement does provided mechanisms for adjusting the amount a class member may

2  receive and makes provision for unclaimed funds to go to the Federal Trade Commission.

3
   This lack of information alone in the notice makes the notice inadequate. However
4
5  the issues with the adequacy of notice continues because no notice is given to the class of

6  the estimated costs of notice or administration. Because the notice given to the class is

7  not the adequate and sufficient notice to the class members because of its lack of

8  information concerning the amount that may ultimately be returned to the class.

9

10

11  6.        **Objections to the Settlement**

12        The settlement is not fair, reasonable, or adequate, and Objectors object to the

13  proposed settlement, for the following reasons:

14        The settlement has been reached with questions outstanding concerning
15
16  discovery, although the parties claim formal discovery it appears much of the information

17  was provided by Reebok was though informal means.

18        The class does not know the amount of money at issue or simply the universe

19  of possible damages to compare against the settlement. Currently without fundamental
20
21  financial information and a discussion of possible success on the merits it is not possible

22  to approve the settlement as being fair, reasonable and adequate to the class.

23        What is the value of the settlement to class members?  We do not know as

24  neither the Settlement Agreement or Preliminary Approval Order even attempts to make

25  an estimate. It is difficult to evaluate a settlement without an estimated value to the class,
26
27  which further makes evaluation of attorneys fees difficult.

28

4

7.      **Objections to the Fee Petition**

Fed. R. Civ. P. 23(h) provides, in relevant part:

> (h)    Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
>
> > (1)    A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
> >
> > (2)    A class member, or a party from whom payment is sought, may object to the motion.

The amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate.

Objector objects to the request for fees to Class Counsel. In this case there should be a cross check using the lodestar method.


8.      **Telephone Participation**

I request permission to participate by listening by telephone to the Fairness Hearing as I live in Texas.


9.      **Objector Incorporates any Proper Objections Filed by Other Objectors Herein.**

5

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

1    Wherefore, Objector prays that the Court deny the proposed settlement, deny the

2    requested fees to Class Counsel and grant Objector such other and further relief as to

3    which Objector may be entitled.

4

5

6                                    Respectfully submitted,

7

8

9

10                                   Nikki Johnson. Per se
                                     3141 Hood St, Ste 200.
11                                   Dallas, TX 75219

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                        6

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.

1

**Certificate of Service**

2

I hereby certify that a copy of the above and foregoing document has been served

3 on December 22 , 2011 and by mail to the following:

4

5 Clerk of the Court

6 United States District Court
District of Massachusetts

7 Donohue Federal Building
595 Main Street

8 Worcester, MA 01608

9
Timothy G. Blood, Esq.

10 Blood Hurts & O'Reardon LLP
600 b Street, Suite 1550

11 San Diego, CA 92101

12
John P. Hooper, Esq.

13 Reed Smith LLP
599 Lexington Avenue

14 New York, NY 10022

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Objection to the Proposed Settlement, Objection to the Cass Notification,
and Objection to Attorney's Fees.



Class Action Settlement Administrator
C\O Rust Consulting, Inc.
PO Box 2607
Faribault, MN 55021-9607

RBK01013716

NIKKI JOHNSON
3141 HOOD ST STE 200
DALLAS, TX 75219-5000

# Reebok Shoe and Apparel Class Action Settlement

## Claim Form

Use this claim form only if you bought eligible Reebok shoes or apparel from *December 5, 2008 through October 12, 2011.* The eligible Reebok shoes and apparel are listed below.

All claim forms must be electronically submitted no later than April 10, 2012 or postmarked no later than April 10, 2012 to:

Class Action Settlement Administrator
C\O Rust Consulting, Inc.
PO Box 2607
Faribault, MN 55021-9607

| CLAIM INFORMATION |
| --- |
| **CLASS MEMBER INFORMATION** |

Name: _____

Mailing Address: _____

City: _____ State: _____ Zip Code: _____

Best Telephone Number: (_____) _____ - _____  E-mail Address: _____







# Exhibit B

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | | |
|---|---|---|
| In re Reebok Easytone Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:10-CV-11977-FDS |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Nikki Johnson.  Address: 3141 Hood St, Ste 200, Dallas, Texas 75219

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Looper Reed & McGraw;  1601 Elm Street, Suite 4600; Dallas, Texas 75201 | Date and Time: 01/04/2012 1:30 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any documentation of your alleged purchases of Eligible Shoes and/or Eligible Apparel, as those terms are defined in the Settlement Agreement, as well as any and all other documents related to the matters set forth in your Objection to the Proposed Settlement, Objection to the Class Notification, and Objection to Attorneys Fees (Document 65 in the above captioned matter).

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      12/28/2011

        *CLERK OF COURT*

                                    OR

    _____          _____
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      all Plaintiffs, including

Plaintiff Sandra Altieri _____ , who issues or requests this subpoena, are:

Edmund S. Aronowitz
Address: Wolf Haldenstein Adler Freeman & Herz LLC, 55 West Monroe Street, Suite 1111, Chicago, Illinois 60603
Email: aronowitz@whafh.com   Telephone: (312) 984-0000

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   4:10-CV-11977-FDS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Nikki Johnson _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ 44.00 _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Exhibit C

## Aronowitz, Edmund

**From:**    Special Delivery Online [processdept@specialdelivery.com]

**Sent:**    Thursday, December 29, 2011 12:47 PM

**To:**    Aronowitz, Edmund

**Subject:** Process Serving Update - NIKKI JOHNSON

☐



**PROCESS SERVING UPDATE FOR EDMUND ARONOWITZ**
**ATTEMPTED: 12/29/11 at 12:08 PM**

**The First Attempt to Serve NIKKI JOHNSON Has Been Made.**
**The next attempt to complete this service will be made shortly.**
**For more details, please login, email or call 214-866-3270**



| SERVICE REQUESTED BY: | PROCESS SERVICE RECIPIENT: | PROCESS SERVER : |
|---|---|---|
| EDMUND ARONOWITZ | NIKKI JOHNSON | Adil Tadli |
| WOLF HALDENSTEIN ADLER L L C | 3141 HOOD ST, STE 200 | Server Number 167 |
| 55 W MONROE ST, STE 1111 | DALLAS, TX 75219 | Code 619 |
| CHICAGO, IL 60603 | | |

| | | |
|---|---|---|
| Service Requested: Rush Process Serving | Order Taken By: Tom Considine | Order Number: 3620521 |
| Order Placed: 12/28/11 at 4:06 PM | Attempted: 12/29/11 at 12:08 PM | Reference: REEBOK EASYSTONE |

| Special Delivery Legal Department | (214) 866-3270 | www.SpecialDelivery.com |
|---|---|---|

# Exhibit D

## Aronowitz, Edmund

**From:**     Special Delivery Online [processdept@specialdelivery.com]
**Sent:**     Thursday, December 29, 2011 12:47 PM
**To:**       Aronowitz, Edmund
**Subject:** Process Serving Update - NIKKI JOHNSON



**PROCESS SERVING UPDATE FOR EDMUND ARONOWITZ**
**ATTEMPTED: 12/29/11 at 12:08 PM**

**The Second Attempt to Serve NIKKI JOHNSON Has Been Made.**
**The next attempt to complete this service will be made shortly.**
**For more details, please login, email or call 214-866-3270**

**Attempts**
**In Progress**

**SERVICE REQUESTED BY:**          **PROCESS SERVICE RECIPIENT:**          **PROCESS SERVER :**

**EDMUND ARONOWITZ**               **NIKKI JOHNSON**                       **Adil Tadli**
**WOLF HALDENSTEIN ADLER L L C**   **3141 HOOD ST, STE 200**               **Server Number 167**
**55 W MONROE ST, STE 1111**       **DALLAS, TX 75219**                    **Code 619**
**CHICAGO, IL 60603**

**Service Requested: Rush Process Serving**    **Order Taken By: Tom Considine**    **Order Number: 3620521**
**Order Placed: 12/28/11 at 4:06 PM**          **Attempted: 12/29/11 at 12:08 PM**  **Reference: REEBOK EASYSTONE**

**Special Delivery Legal Department**          **(214) 866-3270**          **www.SpecialDelivery.com**

1/10/2012

# Exhibit E

## Aronowitz, Edmund

**From:**    Special Delivery Online [processdept@specialdelivery.com]
**Sent:**    Friday, December 30, 2011 11:35 AM
**To:**    Aronowitz, Edmund
**Subject:** Process Serving Update - NIKKI JOHNSON

☐        PROCESS SERVING UPDATE FOR EDMUND ARONOWITZ
ATTEMPTED: 12/30/11 at 11:27 AM

**The Third Attempt to Serve NIKKI JOHNSON Has Been Made.**
**The next attempt to complete this service will be made shortly.**
**For more details, please login, email or call 214-866-3270**



**SERVICE REQUESTED BY:**

EDMUND ARONOWITZ
WOLF HALDENSTEIN ADLER L L C
55 W MONROE ST, STE 1111
CHICAGO, IL 60603

**PROCESS SERVICE RECIPIENT:**

NIKKI JOHNSON
3141 HOOD ST, STE 200
DALLAS, TX 75219

**PROCESS SERVER :**

Adil Tadli
Server Number 167
Code 630

Service Requested: Rush Process Serving      Order Taken By: Tom Considine      Order Number: 3620521
Order Placed: 12/28/11 at 4:06 PM            Attempted: 12/30/11 at 11:27 AM     Reference: REEBOK EASYSTONE

**Special Delivery Legal Department**      **(214) 866-3270**      **www.SpecialDelivery.com**

# Exhibit F

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Texas

| | | |
|---|---|---|
| In re Reebok Easytone Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:10-CV-11977-FDS |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts        ) |

AMENDED   **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Nikki Johnson.  Address: 3141 Hood St, Ste 200, Dallas, Texas 75219

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Looper Reed & McGraw;  1601 Elm Street, Suite 4600; Dallas, Texas 75201 | Date and Time: 01/06/2012 1:30 pm |
|---|---|

The deposition will be recorded by this method:   Stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any documentation of your alleged purchases of Eligible Shoes and/or Eligible Apparel, as those terms are defined in the Settlement Agreement, as well as any and all other documents related to the matters set forth in your Objection to the Proposed Settlement, Objection to the Class Notification, and Objection to Attorneys Fees (Document 65 in the above captioned matter).

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/03/2012

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    all Plaintiffs, including Plaintiff Sandra Altieri_____ , who issues or requests this subpoena, are:
Edmund S. Aronowitz
Address: Wolf Haldenstein Adler Freeman & Herz LLC, 55 West Monroe Street Suite 1111, Chicago, Illinois 60603
Email: aronowitz@whafh.com  Telephone: (312) 984-0000

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   4:10-CV-11977-FDS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   NIKKI JOHNSON

was received by me on *(date)*   01/03/2012   .

☑ I served the subpoena by delivering a copy to the named individual as follows:  NIKKI JOHSNON at

3141 HOOD STREET, SUITE 200, DALLAS, TEXAS 75219 at 11:30AM

_____ on *(date)*   01/03/2012   ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____44.00_____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____01/03/2012_____

_____
*Server's signature*

ADIL TADLI, PRIVATE PROCESS SERVER SCH1206
*Printed name and title*

5470 LYNDON B. JOHNSON FREEWAY
DALLAS, TEXAS 75240

_____
*Server's address*

Additional information regarding attempted service, etc:

# Exhibit G



| | |
|---|---|
| TOWER/OBT - Tower Travel Management<br>One Tower Lane<br>Suite 2520<br>Oakbrook Terrace, IL 60181 | Phone1: 630-954-3010 / Phone2: 630-954-3040<br>Fax:     630-954-3040<br>Agent ID: ES<br>Generated: January 4, 2012 01:43 PM |

## Traveler Information



BIG TOMATO TRAVEL CONSULTANTS
824 W OAKDALE AVE
NBR 3
CHICAGO IL
60657

Record Locator:   QLXJWC
**Traveler:**
EDMUND S ARONOWITZ

**Carrier:**
AMERICAN AIRLINES

Frequent Flyer #:


## Invoice Information



**Ticket Information**

| | | | | |
|---|---|---|---|---|
| Airline Code | 001 | Ticket Date | 01/04/2012 |
| Ticket Number | 7020282939 | | |
| Check Digit | 2 | Electronic | Yes |

**Charges**

| | |
|---|---|
| Ticket Base Fare (USD) | 695.82 |
| Ticket Tax Fare | 73.78 |
| Total (USD) Ticket Amount | 769.60 |
| Service Fee | 25.00 |
| Airfare charged to Mastercard: | |
| Billing Account: | CAXXXXXXXXXXX9545 |
| **Total:** | **794.60** |

## Friday  January 6, 2012



**AMERICAN AIRLINES**
TSA SECURED FLIGHT

| | | | |
|---|---|---|---|
| From: | Chicago O'Hare, IL Departing at 8:30 AM | Flight: | 2309 |
| To: | Dallas Ft Worth, TX Arriving at 11:05 AM | Seat: | 09D |
| Dep.Terminal: | TERMINAL 3 | Class: | Economy |
| Arr.Terminal: | Information not available | Flight Duration: | 2 hours 35 minutes |
| Stops: | Non stop | Distance: | 802 Miles |
| | | Meal: | Food to purchase |
| | | Entertainment: | Non-Smoking/In-Seat Power |
| | | Equipment: | MD-80 |



**AMERICAN AIRLINES**
TSA SECURED FLIGHT

| | | | |
|---|---|---|---|
| From: | Dallas Ft Worth, TX Departing at 7:20 PM | Flight: | 2372 |
| To: | Chicago O'Hare, IL Arriving at 9:35 PM | Seat: | 13D |
| Dep.Terminal: | Information not available | Class: | Economy |
| Arr.Terminal: | TERMINAL 3 | Flight Duration: | 2 hours 15 minutes |
| Stops: | Non stop | Distance: | 802 Miles |
| | | Meal: | Food to purchase |
| | | Entertainment: | Non-Smoking/In-Seat Power |
| | | Equipment: | MD-80 |

## Information

**Airline Record Locators:**

| Airline Reference | Carrier |
|---|---|
| LAGYVC | AMERICAN AIRLINES |

**Travel Telephone Numbers:**

Baggage

| | |
|---|---|
| American Airlines | (800) 535-5225 |
| American Baggage Claim | (312) 203-2525 |

Reservations

| | |
|---|---|
| American Reservations | (800) 433-7300 |

# Exhibit H

**Aronowitz, Edmund**

| | |
|---|---|
| **From:** | Tom Cox [tcox009@yahoo.com] |
| **Sent:** | Thursday, January 05, 2012 2:35 PM |
| **To:** | Aronowitz, Edmund |
| **Subject:** | Reebok Class Action |

**Attachments:** Motion to Quash Deposition 02-05-2012.pdf

Attached is a copy of the Motion to Quash that has been filed
Tom Cox

# Exhibit I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


IN RE:                          )        CASE NO: 2:12-MC-00002
                                )
                                )        MISCELLANEOUS
REEBOK EASYTONE LITIGATION      )
                                )         Corpus Christi, Texas
                                )         Friday, January 6, 2012
_____  )         (1:04 p.m. to 1:22 p.m.)
                                          (3:04 p.m. to 4:00 p.m.)


MOTION HEARING

BEFORE THE HONORABLE B. JANICE ELLINGTON,
UNITED STATES MAGISTRATE JUDGE


Appearances:                    See next page

Court Recorder:                 Arlene Benavidez

Case Manager:                   Dana Perez

Transcribed by:                 Exceptional Reporting Services, Inc.
                                P.O. Box 18668
                                Corpus Christi, TX 78480-8668
                                361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES FOR:**


Lori Rivero,              CHRISTOPHER ANDRES BANDAS, ESQ.
Movant:                   500 N. Shoreline Blvd., Suite 1020
                          Corpus Christi, TX 78471


Courtney Schwartz:        JOSHUA E. KELLER, ESQ.
                          Milberg, LLP
                          One Pennsylvania Plaza
                          New York, NY 10119


Courtney Schwartz:        EDMUND S. ARONOWITZ, ESQ.
                          Wolf Haldenstein, et al.
                          55 West Monroe St., Suite 111
                          Chicago, IL 60603


Reebok International:     ERIC GLADBACH, ESQ.
                          Reed Smith
                          599 Lexington Avenue
                          New York, NY 10022

1    **Corpus Christi, Texas; Friday, January 6, 2012; 1:04 p.m.**

2    **(Counsel appear telephonically)**

3    **(Call to Order)**

4    **THE COURT:**  ... Judge Ellington.  I understand I have

5    all the parties on the line.  Let me call the case.  It's

6    Miscellaneous Number C-12-2; In Re: the Reebok Easytone

7    Litigation.  Let me have appearances, please, and let me find

8    out who you are representing.

9    Let's see.  For the movant, please.

10   **MR. BANDAS:**  Good afternoon, your Honor.  This is

11   Chris Bandas and I represent the movant, Lori Rivero.

12   **THE COURT:**  Okay.  And then we have some other

13   appearances.  I understand Mr. Keller, you're on the line; is

14   that right?

15   **MR. KELLER:**  Yes, good afternoon, your Honor.  This

16   is Josh Keller of the Milberg law firm.  I represent Courtney

17   Schwartz and the plaintiffs in Easytone Reebok Litigation.

18   **THE COURT:**  All right.  And the rest of the

19   appearances?

20   Mr. Aronowitz?

21   **MR. ARONOWITZ:**  Yes, your Honor.  This is Edmond

22   Aronowitz from Wolf Haldenstein law firm.  I represent

23   Plaintiff Altieri and the class for plaintiffs in the Reebok

24   Easytone Litigation.

25   **MR. GLADBACH:**  And this, your Honor, is Eric

1  Gladbach, good afternoon.  I represent Reebok on -- the clerk

2  called John Hooper who is in the air flying right now so I will

3  be participating in his place.

4         **THE COURT:**  All right.  And then as I understand it

5  from looking at the docket sheets, I guess Mr. Keller, you

6  represent -- are you cocounsel in this?  There were two cases

7  that were consolidated so I kind of assumed Mr. Keller sort of

8  had the one group and Mr. Aronowitz had the other group.  Would

9  that be right?

10        **MR. KELLER:**  Well, your Honor, well two of the cases

11 were consolidated.  We're both representing the class.  We have

12 the individual plaintiff -- well, class representatives that we

13 represent respectively.

14        **THE COURT:**  Okay.  All right.  And do we have -- I

15 just got this about an hour ago so I haven't -- I want to make

16 sure we have everybody we need on the phone.  Does everybody

17 agree that we've got everybody that we need on the phone?

18      **(All attorneys respond in the affirmative)**

19         Okay.  And for purposes of this particular

20 proceeding, I'm going to grant pro hac vice status to all of

21 the attorneys who are now on the phone to make appearances in

22 this action.  And I want to ask if all of you have received a

23 copy of Mr. Bandas' motion.

24         Mr. Keller?

25        **MR. KELLER:**  Yes, your Honor, I received it I think

1          **MR. GLADBACH:**  Thank you.

2          **THE COURT:**  All righty, thank you very much.  Bye-

3  bye.

4          **(Case was recessed at 1:22 p.m. and reconvened at**

5  **3:04 p.m.; Call to Order)**

6          **MR. BANDAS:**  Good afternoon, your Honor.  This is

7  Chris Bandas for the movant.

8          **THE COURT:**  I'm sorry, I couldn't hear.  This is who?

9          **MR. BANDAS:**  Chris Bandas for the movant, your Honor.

10          **THE COURT:**  All right.  Is Mr. Keller there with you?

11          **MR. KELLER:**  Yes, your Honor.

12          **THE COURT:**  All right.  And Mr. Gladbach, are you on

13  the line?

14          **MR. GLADBACH:**  Yes, your Honor.

15          **THE COURT:**  Okay.  Now, Mr. Aronowitz, he didn't call

16  in.  I assume he's tied up in Dallas?

17          **MR. KELLER:**  I think he is, your Honor.  I'm not sure

18  if he's taking the deposition now or if there is another issue

19  but I don't think he needs to be on the call.

20          **THE COURT:**  Okay, all right.  I'm going to call

21  Miscellaneous Number C-12-2; In Re: Reebok Easytone Litigation.

22  May I have appearances for the movant, please.

23          **MR. BANDAS:**  This is Chris Bandas for the movant,

24  Lori Rivero.

25          **THE COURT:**  And for class counsel appearances?

1          **MR. KELLER:**  This is Josh Keller, Milberg, LLP for

2    Courtney Schwartz and the class.

3          **THE COURT:**  And for Reebok?

4          **MR. GLADBACH:**  Yes, your Honor.  Eric Gladbach, good

5    afternoon, representing Reebok.

6          **THE COURT:**  All right, thank you.

7          All right.  Mr. Keller and Mr. Bandas, have you two

8    had a chance to visit?

9          **MR. BANDAS:**  Your Honor, this is Chris Bandas.  We

10   have had a chance to visit.  In fact, we met in person at the

11   Omni Hotel.  We did the best we could and I think where we are

12   is as follows:

13         As a compromise, I had proposed responding to

14   questions under oath, assuming they are relevant and

15   appropriate for the circumstances.  And as I understand

16   Mr. Keller's position, he said only a deposition would do --

17   and I think that's where we are, your Honor, so we do need the

18   Court's assistance.

19         **THE COURT:**  So I don't understand.  What's the

20   difference between answering questions under oath and a

21   deposition?

22         **MR. BANDAS:**  I didn't understand it either, your

23   Honor.  The simple issue is with respect to my client.  She is

24   terrified of the process.  She does not want to sit for a two

25   or four-hour deposition.  And we thought as a compromise, if

1          **MR. BANDA:**  No, your Honor; thank you.

2                      **COURT'S RULING**

3          **THE COURT:**  Okay.  I don't -- I cannot believe that

4    it would be right for someone to be able to simply file an

5    objection and then not be questioned further about it.  I

6    simply, if I were the district court, and I'm not, but if I

7    were the court looking at this fairness and holding the

8    Fairness Hearing, I would want to know more from Ms. Rivero;

9    for instance, what are the bases of her objection.  That can be

10   obtained, that information can be obtained in many ways:

11   through an affidavit, through interrogatories, through a more

12   complete statement of her counsel -- and so I don't think, I do

13   not see that it's fair that Ms. Rivero can just file an

14   objection and then leave it at that.  And if I were the

15   district court, I would want to know what's going on and why

16   she filed objections, especially in view of the fact that she

17   can opt out -- but she doesn't want to opt out, she wants to

18   make a claim and file objections.

19          Mr. Bandas can seek leave to at least file some legal

20   objections to attorneys' fees or the size of attorneys' fees,

21   and I believe that it is appropriate that she be questioned

22   about it.

23          There are -- Mr. Bandas has cited, as some cases,

24   that talk about a showing of particularized need, the Court

25   will not permit general discovery from passive class members

1  but she is not a passive class member.  She has injected

2  herself into this -- the fairness of the settlement by stating

3  that she has an objection, and I just don't see that there's

4  anything wrong with trying to go behind that and ask her a few

5  questions.

6       If we were in a situation where there were lots of

7  time left before the Fairness Hearing, then I think that

8  probably the -- I would be in a position, maybe, to order that

9  the parties try to work out an affidavit but we're not.  We're

10 kind of stuck and we're stuck for two reasons.  And there's

11 lots of blame to go around but Ms. Rivero waited until the last

12 minute to get her objection filed and then Counsel waited to --

13 and only gave her three days' notice to object to her

14 deposition.  But I don't -- so there's plenty of blame but I

15 mean, that's just what happened and now we're facing a hearing

16 a few days away on the fairness thing.

17      I do not -- I was appalled when I heard that you are

18 going to take four hours to question this woman about her one

19 pair of shoes that she bought and the fact that she is

20 objecting to the fairness of millions of dollars of attorneys'

21 fees which may go to plaintiffs' counsel.

22      So I don't -- I looked through the file.  I didn't

23 see -- the deadline for depositions has not, for discovery has

24 not passed.  I do not see anything in the orders entered by the

25 district court that indicate that these depositions cannot and

1    should not occur.  And although Mr. Bandas cited some cases for

2    me, I did some searching on my own.  My law clerk did some

3    searching and we were simply unable to find anything that would

4    cover this kind of situation.  And so, to me, it just gets down

5    to, I mean, is it fair to look behind some pro se objection and

6    I think the answer to that is yes.

7              But -- and so I am going to deny the Motion to Quash

8    the deposition.  I'm going to order that the deposition take

9    place.  I'm going to limit it to 45 minutes.

10             One of the reasons why Ms. Rivero may have been upset

11   or petrified about answering questions is the fact that this is

12   an unlimited -- and her fear that she might be facing four

13   hours worth of questions.  There is no reason why you can't get

14   your questions asked that would satisfy the district court that

15   you can't do that in 45 minutes.  The district court does not

16   want to read a four-hour objection -- a four-hour deposition at

17   your Fairness Hearing.  You should be able to answer -- to get

18   all the answers that you need and take care of your deposition,

19   so I'm going to limit it to 45 minutes -- and the parties --

20   unless the parties, by agreement, agree to extend the time on

21   the deposition.

22             Mr. Bandas, I think Mr. Gladbach indicated it and in

23   Rule 23 it's pretty clear that your client cannot withdraw her

24   objections without court approval and so you would have to go

25   to the court to do that.

1        But I think, Mr. Bandas, also, that you will have

2   ample opportunity.  That you can seek leave in the court in

3   Massachusetts to -- if you want to make some additional legal

4   arguments about the fairness of the settlement, then you can

5   and should be able to do that but I just don't see any

6   impediment to -- any kind of legal impediment or any kind of

7   law that says that they just can't come here and do this.

8        I don't like the way it came up.  I wish we had all

9   had more time to consider this.  And I might even have asked

10  these lawyers to go back to the district court to ask for

11  permission to do that but I think right now it's too late and I

12  think the district court would want some kind of an explanation

13  or a further explanation of the objections in the case, so for

14  that reason, I'm going to overrule your request.

15       And I would consider -- if the parties want to appeal

16  this matter to Judge Ramos, I would consider staying the

17  deposition until Tuesday of next week to allow Judge Ramos, who

18  is the district judge in this case, a chance to review what I

19  have done.  That would have to happen before there's any type

20  of appeal to the Fifth Circuit.

21       And I apologize to counsel if that's what happens,

22  that's you've made a wasted trip here but I think that it's

23  appropriate that if Mr. Bandas wants to appeal this to the

24  district court, that he have an opportunity to do that, so I

25  would stay the deposition.  And I don't know why you couldn't

1   conduct it over the phone from New York anyway.  So that's my

2   ruling.

3           Let me hear from the parties.

4           Mr. Bandas?

5           **MR. BANDAS:**  Your Honor, I am going to confer with my

6   client, ask her what she wants to do now that we have the

7   Court's ruling.

8           I want to get some additional information, perhaps if

9   I can, from class counsel.

10          If she withdrew her objection, would class counsel

11  oppose -- I can't imagine why they would oppose the withdrawal

12  of an objection but I guess that would be the question.  Would

13  they oppose the withdrawal of an objection or would Reebok's

14  counsel oppose the withdrawal of an objection?

15          **MR. KELLER:**  This is Josh Keller.

16          I don't believe we would oppose an objection.  I see

17  no reason why we would.

18          **THE COURT:**  You would not oppose the --

19          **MR. KELLER:**  We would not -- I'm sorry.  What I

20  really meant to say is, we would not oppose the withdrawal of

21  the objection.

22          **THE COURT:**  Okay.

23          **MR. GLADBACH:**  This is counsel for Reebok.  I would

24  need to talk with my client.  It's now ten to 5:00 here in New

25  York.  I would recommend to them, though, that they would agree

1    to the withdrawal of the objection.

2         **MR. BANDAS:**  And so in light of that, your Honor, I

3    think we know that if my client chooses to withdraw the

4    objection, there won't be an impediment to that and we will

5    obviously confer and decide whether or not she wants to seek

6    review to Judge Ramos of your Honor's order.

7         **THE COURT:**  Okay.  I think you probably need to

8    decide that.  Is your client available to speak to her?

9    Because the deposition is going to go forward unless I stay my

10   order to -- let's just say, Tuesday.

11        **MR. BANDAS:**  Your Honor, she went to a business

12   meeting.  I cannot represent to the Court that I can get ahold

13   of her right now and make a decision.  And with all due

14   respect, I would want more than a few minutes to make, what I

15   think is a very, very important decision for her.  She's simply

16   trying to help this class, your Honor, and I think she needs to

17   speak to her lawyer, me, and needs an opportunity to really

18   digest the Court's order if the Court is willing to stay the

19   deposition through Tuesday so she can make that very important

20   decision, your Honor.

21        **THE COURT:**  So you want me to stay the deposition

22   until Tuesday --

23        **MR. BANDAS:**  Yes, your Honor.

24        **THE COURT:**  -- for her to make a decision about

25   whether or not she wants to appeal to Judge Ramos.

1          **MR. BANDAS:**  That's correct, your Honor.

2          **THE COURT:**  And what were you planning to do if I

3    didn't give you that opportunity?  Was she going to come and

4    you weren't -- she wasn't going to attend the deposition,

5    Mr. Bandas?

6          **MR. BANDAS:**  Your Honor, it was going to put her in

7    the impossible position of either taking a contempt order or

8    withdrawing her objection.  And I know she's not willing to

9    take a contempt order, even though she and her lawyer thinks

10   that her legal argument's  correct -- and so there was more of

11   a practical answer than the legal answer to your Honor's

12   question.

13         **THE COURT:**  Well, okay.  Mr. Keller, do you have

14   anything to say?

15         **MR. KELLER:**  No, your Honor, other than just for

16   clarification.  If, procedurally, I should plan on the

17   deposition going forward on Tuesday?

18         **THE COURT:**  Well, are you planning to go back to New

19   York, Mr. Keller?

20         **MR. KELLER:**  Yeah, I have to.  I have to move on

21   Monday so I have no choice.

22         **THE COURT:**  Okay.

23         **MR. KELLER:**  But I'll come back or do it by phone.

24   I'd prefer to come back but I'll have to confer with some of

25   the other class counsel about that.

1          **THE COURT:**  Would it be -- if I'm going to stay the

2    deposition, is there a date next week that is more convenient

3    for you, Mr. Keller, if you have to come here?  I'm thinking

4    about giving Mr. Bandas a deadline to get his objection filed

5    and setting the deposition after that so that then if he

6    withdraws his objection, then the -- you can cancel the

7    deposition without having to come here again.  That's what I'm

8    thinking about.

9          **MR. KELLER:**  Well, Judge --

10         **THE COURT:**  The deposition's not going to take place

11   today, obviously, period.  Right, Mr. Bandas?  Your client is

12   just not there.

13         **MR. BANDAS:**  That's correct, your Honor.

14         **MR. KELLER:**  I just need a second to think just

15   because logistically, whether I can get here for Tuesday

16   morning.

17         **THE COURT:**  Yeah, I'm certainly willing to leave it

18   where it is but if you want a chance to see if Mr. Bandas is

19   going to go forward or withdraw his objection before you get on

20   a plane and make another trip here, I was going to give you the

21   opportunity to do that.

22         **MR. KELLER:**  I think Tuesday is fine.

23         **THE COURT:**  You want me to leave it at Tuesday?

24         **MR. KELLER:**  Yeah.

25         **THE COURT:**  Okay.  Tuesday morning, Tuesday

1   afternoon?

2          **MR. KELLER:**  Tuesday morning.

3          **THE COURT:**  Okay.  All right.  I'm going to stay the

4   deposition.

5          And now, Mr. Bandas, when are you going to have a

6   chance to visit with your client?

7          **MR. BANDAS:**  I'm going to try to get ahold of her

8   immediately after this phone call, your Honor.

9          **THE COURT:**  Okay.  And if you're able, I want you to

10  make a decision with your client by Monday morning and let

11  Mr. Keller know so that he doesn't have to come back if you

12  work it out.  Okay?

13         **MR. BANDAS:**  Should we just say, your Honor, Monday

14  by noon?  Is that --

15         **THE COURT:**  You make a decision by -- you file

16  something in writing by Monday at noon, even if it's just a one

17  sentence, "We're appealing to Judge Ramos".  Something.  And

18  otherwise, I'll assume that the deposition is going to take

19  place Tuesday morning at 9:00 o'clock or that the objections

20  have been withdrawn and all parties are in agreement that the

21  deposition won't take place.

22         **MR. BANDAS:**  Very good, your Honor.

23         **THE COURT:**  That work?  That work for you,

24  Mr. Keller?

25         **MR. KELLER:**  Yes, your Honor.

1          **THE COURT:**  Work for you, Mr. Bandas?

2          **MR. BANDAS:**  Yes, your Honor.

3          **THE COURT:**  Mr. Gladbach?

4          **MR. GLADBACH:**  Yes, your Honor.  May I have one more

5   clarification from your Honor?

6          **THE COURT:**  Yes, sir.

7          **MR. GLADBACH:**  My concern is that if the deposition

8   does go forward, that it's just going to be an "objection

9   bonanza," so to speak, just to get to that 45-minute limit.

10  Can I get a clarification saying that they're -- you know, I

11  just want to try to get a reasonable period of time to answer

12  the pertinent questions that we need answered than just

13  everyone goes home or gets off the phone or whatever as opposed

14  to objection, objection, objection.

15         **MR. BANDAS:**  May I respond to that, your Honor?

16         **THE COURT:**  Yes.

17         **MR. BANDAS:**  I'm thinking that we're kind of going

18  back to where we were before.  Counsel's looking for carte

19  blanch to ask whatever occurs to them in the moment, regardless

20  of how potentially inappropriate it is for the circumstances.

21         **THE COURT:**  You want to do it over here?  I can sit

22  in on it.  All the courtrooms are taken next week but we can

23  sit in a jury room and I can just sit in if there's problems

24  with -- regarding relevance or anything else.

25         **MR. GLADBACH:**  Well, I certainly appreciate the

1   Court's offer for that.  I know the Court has a lot of other

2   activities that I'm sure it must attend to but if that helps us

3   get this done faster in case the deposition goes forward, I do

4   appreciate the Court's assistance.

5            **THE COURT:**  Well let's just do this.  Why don't you

6   just -- if the deposition is going to go forward, do it.  And

7   if you think that there is -- that there are shenanigans going

8   on to not answer relevant questions that are being asked, just

9   call me.  You're not very far away.  You can come on over here

10  to the courthouse and we'll do it here.  Will that work out?

11           **MR. BANDAS:**  Yes, your Honor, and I assume that

12  applies to the opposite scenario of asking inappropriate

13  questions or irrelevant questions --

14           **THE COURT:**  Absolutely.

15           **MR. BANDAS:**  -- designed to probe at obviously

16  privileged information or matters outside the scope of this

17  objection.

18           **THE COURT:**  Absolutely.

19           **MR. KELLER:**  And one last question, your Honor.  If

20  it does come to that -- and I don't expect and I hope that it

21  doesn't -- will make allowances for the time to deal with those

22  issues if we have to go to the court, or actually come to court

23  to finish up the deposition, you know, in sort of -- in terms

24  of the clock ticking.

25           **THE COURT:**  I won't allow the clock to tick while

1  you're trying to get over here and get set up.  Just call me if

2  you have problems and you can come over here.  I think that --

3  I don't think you're going to have problems but if you do, call

4  me and I'll be willing to at least try to resolve some of them.

5          So Tuesday morning, 9:00 o'clock, deposition.

6          Objection by noon on Monday.  And if that's filed, I

7  will let Judge Ramos know what has happened so she can

8  familiarize herself with the matter.

9          All right.  Anything else?

10          Mr. Bandas?

11          **MR. BANDAS:**  No, your Honor.

12          **THE COURT:**  Anything else, Mr. Gladbach?

13          **MR. GLADBACH:**  No, your Honor, thank you, your Honor.

14          **THE COURT:**  Anything else, Mr. Keller?

15          **MR. KELLER:**  No, your Honor.

16          **THE COURT:**  Okay.  Thank you very much for your time.

17          **MR. BANDAS:**  Thank you, your Honor.

18          **THE COURT:**  Bye-bye.

19      **(Attorneys thank the Court)**

20      **(Proceeding adjourned at 4:00 p.m.)**

21

22

23

24

25

### CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    <u>January 7, 2012</u>

          Signed                                                    Dated

*TONI HUDSON, TRANSCRIBER*