### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE REEBOK EASYTONE LITIGATION** | Case No. 4:10-CV-11977-FDS |
| This Document Relates to: All Actions | <u>CLASS ACTION</u> |

### FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This motion for final approval, having been brought before the Court jointly by the Parties, the Parties having entered into a Settlement Agreement, with its attached exhibits (collectively, the "Settlement Agreement"), signed and filed with this Court on September 28, 2011, to settle *Altieri v. Reebok International Ltd.*, 4:10-cv-11977-FDS (D. Mass.) and *Courtney Schwartz and Cheryl Hardy, et al. v. Reebok International Ltd.*, 1:10-cv-12018-FDS (D. Mass.) (the "Actions"); and

The Court having entered an Order dated October 6, 2011 (the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes only under Fed. R. Civ. P. 23(a) and (b)(3), ordering individual and publication notice to potential Class Members, scheduling a Fairness Hearing for January 17, 2012, providing potential Class Members with an opportunity either to exclude themselves from the settlement class or to object to the proposed settlement and issuing related Orders; and

The Court having held a Fairness Hearing on January 17, 2012 to determine whether to grant final approval of the proposed settlement and issue related relief; and

The Court having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having

heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Actions, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents.**  This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement Agreement, including all amendments and exhibits thereto, and definitions included therein, which was signed and filed with this Court on September 28, 2011; (b) the briefs, affidavits, declarations, and other materials filed in support of the settlement and Class Counsel's request for an award of attorneys' fees and reimbursement of expenses; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Actions.

2. **Jurisdiction.**  Because due, adequate, and the best practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal jurisdiction over all Class Members (as defined below).  The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Actions pursuant to 28 U.S.C. §§ 1332, and 1367, including, without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement and all exhibits attached thereto, grant final certification to the Class, dismiss the Actions on the merits and with prejudice and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. **Final Class Certification.**  The Class preliminarily certified by this Court is hereby finally certified for settlement purposes only under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), the Court finding that the Class fully satisfies all the applicable requirements of Fed. R.

Civ. P. 23 and due process. The Class shall consist of all persons or entities that purchased, any and all Eligible Shoes and/or Eligible Apparel, from Reebok and/or its authorized retailers and wholesalers including, without limitation, Reebok U.S. Retailers, Reebok Concept Stores, Reebok.com, Reebok Outlets and/or other third-party retailers or wholesalers, from December 5, 2008 up to and including October 12, 2011 (the "Class Period"). "Eligible Apparel" means Reebok's EasyTone and other applicable Reebok toning apparel, purchased as new by Class Members during the Class Period, which are EasyTone Capri, EasyTone Pants, EasyTone Shorts, EasyTone Long Bra Top, EasyTone Sleeveless Shirt, and/or EasyTone Short Sleeve Top. "Eligible Shoes" means Reebok's EasyTone shoes and other applicable Reebok toning shoes, purchased as new by Class Members during the Class Period, which are EasyTone, EasyTone Flip, RunTone, TrainTone, JumpTone, SimplyTone and/or SlimTone. Excluded from the Class are: (a) Reebok's Board members and executive-level officers, including its attorneys; (b) persons or entities who purchased the Eligible Apparel and/or Eligible Shoes primarily for the purpose of resale; (c) claims for personal injury relating to the use of Eligible Shoes and/or Eligible Apparel; (d) distributors or re-sellers of Eligible Shoes and/or Eligible Apparel; (e) the judge and magistrate judge and their immediate families presiding over the Actions; (f) governmental entities; and (g) persons or entities who or which timely and properly exclude themselves from the Class as provided in the Settlement Agreement.

4.  **Requests for Exclusion**.  The Court finds that only those persons and entities for the specific Eligible Shoes and/or Eligible Apparel listed in Exhibit A to the Affidavit of Jeanne C. Finegan and filed with the Court have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Order and accompanying Final Judgment.  Class Counsel and Reebok's Counsel may mutually agree to allow additional Class

Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

5. **Adequacy of Representation**. Class Plaintiffs Sandra Altieri, Cheryl Hardy, and Courtney Schwartz (collectively, "Class Plaintiffs") have adequately represented the Settlement Class for purposes of entering into and implementing the settlement. Timothy G. Blood, of Blood Hurst & O'Reardon, LLP; Janine L. Pollack, of Milberg LLP; and Adam J. Levitt, of Wolf Haldenstein Adler Freeman & Herz LLC are experienced and adequate Class Counsel. Class Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4), and 23(g).

6. **Class Notice**. The Court finds that the dissemination of the Class Notice, the publication of the Summary Settlement Notice, the establishment of a website containing settlement-related materials, the establishment of a toll-free telephone number, and all other notice methods set forth in the Settlement Agreement and the Notice Administrator's Declaration and the notice dissemination methodology implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order, as described in the Notice Administrator's Declaration, a copy of which is incorporated herein and made a part hereof:

   a. constituted the best practicable notice to Class Members under the circumstances of the Actions;

   b. constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this action; (ii) the terms of the proposed settlement; (iii) their rights under the proposed settlement; (iv) their right to exclude themselves from the Class and the proposed settlement; (v) their right to object to any aspect of the proposed settlement (including, but not limited

    to, final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by Plaintiff or Class Counsel and/or the award of attorneys' fees); (vi) their right to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

 c. constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

 d. constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

 7. **<u>Final Settlement Approval.</u>**  The terms and provisions of the proposed settlement and Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act (P.L. 109-2), the United States Constitution (including the Due Process Clause), and any other applicable law. The settlement is approved and all objections to the settlement are overruled as without merit. The Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. Reebok shall take all steps

necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Settlement Agreement.

8. **Early Implementation.** Reebok is hereby authorized – in its sole discretion but in consultation with Class Counsel, and without requiring further approval of this Court – to implement the settlement before the Final Settlement Date (as defined in the Settlement Agreement), in which case all provisions in the Settlement Agreement specifying actions to be taken on or after the Final Settlement Date shall, to the extent necessary, be deemed to provide that those actions shall be taken on or after the date Reebok elects to implement the settlement.

9. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiff, Reebok and all Class Members, as well as their heirs, executors and administrators, predecessors, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Actions or are otherwise encompassed by the Release.

10. **Release.** The following Release, which is also set forth in Section VII of the Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release:

> 1)   In consideration for the Settlement benefits described in this Agreement, Plaintiffs and the other members of the Class, on behalf of themselves, their heirs, guardians, assigns, executors, administrators, predecessors, and/or successors, will fully, finally and forever release, relinquish, acquit, and discharge the Released Parties – and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Class or on behalf of any other person or entity – from any

and all manner of claims, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments and demands of whatever kind, type or nature and whatsoever, both at law and in equity, whether past, present or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or noncontingent, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Plaintiffs or Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any other court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, connected with, arising from or in any way whatsoever relating to the purchase of Eligible Shoes and/or Eligible Apparel during the Class Period and the claims alleged in the complaints in the Actions, and, more particularly, but without in any way limiting the generality of the foregoing, arising from, directly or indirectly, or in any way whatsoever pertaining or relating to the claims alleged in the complaints in the Actions, including, but not limited to, communications, disclosures, nondisclosures, representations, statements, claims, omissions, messaging, design, testing, marketing, advertising, promotion, packaging, displays, brochures, studies, manufacture, distribution, operation, performance, functionality, notification, providing, offering, dissemination, replacement, sale and/or resale by the Released Parties of the Eligible Apparel and/or the Eligible Shoes; any claims for rescission, restitution or unjust enrichment for all damages of any kind; violations of any state's deceptive, unlawful and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud and/or consumer protection statutes; any violation of the Uniform Commercial Code, any breaches of express, implied and/or any other warranties, any similar federal, state or local statutes, codes, damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages and/or damage multipliers, disgorgement, declaratory relief, expenses, interest, and/or attorneys' fees and costs against the Released Parties pertaining to or relating to the claims alleged in the complaints in the Actions, notwithstanding that Plaintiffs and the Class acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Actions and/or the Release herein.

2)      Notwithstanding the language in this section and/or this Agreement, the Plaintiffs and the other members of the Class are not releasing any claims of or relating to personal injury.

3)      Plaintiffs represent and warrant that they are the sole and exclusive owner of all claims that they personally are releasing under this Agreement.  Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Actions, including without limitation, any claim for benefits, proceeds or value under the Actions,

and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Actions or in any benefits, proceeds or values under the Actions. Class Members submitting a Claim Form shall represent and warrant therein that they are the sole and exclusive owner of all claims that they personally are releasing under the Settlement and that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Actions, including without limitation, any claim for benefits, proceeds or value under the Actions, and that such Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Actions or in any benefits, proceeds or values under the Actions.

4) Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, costs or any other fees, costs, and/or disbursements incurred by Plaintiffs' Counsel, or by Plaintiffs or the Class Members.

5) Plaintiffs expressly understand and acknowledge, and all Class Members will be deemed by the Final Order and Final Judgment to acknowledge, that certain principles of law, including, but not limited to, Section 1542 of the Civil Code of the State of California, provide that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." To the extent that anyone might argue that these principles of law are applicable, – notwithstanding that the Parties have chosen Massachusetts law to govern this Agreement – Plaintiffs hereby agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished and released by Plaintiffs and all Class Members.

6) Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

7) Plaintiffs and Defendant hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

11. **Permanent Injunction.** All Class Members and/or their representatives who have not been timely excluded from the Class are hereby permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in, continuing or receiving any benefits from, as class members or otherwise, any lawsuit (including

putative class actions), arbitration, administrative, regulatory or other proceeding in any jurisdiction that is covered by the Release.  All Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing or soliciting the participation of any Class Members who did not timely exclude themselves from the Class into a separate class or group for purposes of pursuing a putative class action, any claim or lawsuit in any jurisdiction that is covered by the Release.  Pursuant to 28 U.S.C. §§ 1651 (a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Actions.

12. **Enforcement of Settlement.**  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the Claim Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

13. **Attorneys' Fees and Expenses.**  Class Counsel are hereby awarded attorneys' fees in the amount of $3,500,000 and reimbursement of their disbursements and expenses in the amount of $82,300, which amounts are approved as fair and reasonable, pursuant to Fed. R. Civ. P. 23(h) and are in accordance with the terms of the Settlement Agreement. The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Class.  The Court finds that the amount of expenses is reasonable and that the expenses were reasonably incurred in the course of the litigation.  Class Counsel, in their discretion, shall allocate and distribute this award of attorneys' fees and expenses among

Plaintiffs' Counsel. All objections to Class Counsel's request for an award of attorneys' fees and reimbursement of expenses are hereby overruled.

14. **Incentive Awards.** The Court hereby awards $2,500 to each of the named Plaintiffs, Sandra Altieri, Cheryl Hardy, and Courtney Schwartz, as incentive awards in their capacities as representative Plaintiffs in the Actions.

15. **No Other Payments.** The preceding two paragraphs of this Final Order cover, without limitation, any and all claims against the Released Parties for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to the Actions, the settlement of the Actions, the administration of such settlement, and/or the Release, except to the extent otherwise specified in this Final Order, and accompanying Final Judgment and the Settlement Agreement. Plaintiffs are not precluded from seeking attorneys' fees, expenses, costs, or disbursements from an objecting Class Member or his or her counsel (and not Reebok or its counsel) in connection with an appeal filed by an objecting Class Member.

16. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, and all exhibits attached, as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

17. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all

matters relating to the administration, consumption, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

    a.    enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

    c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under paragraphs 8 and 16 or as otherwise provided in the Settlement Agreement.

18.    **<u>No Admissions.</u>**  Neither this Final Order, the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may

be used as an admission or concession by or against Reebok or Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Reebok's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; <u>provided, however</u>, that this Final Order, the accompanying Final Judgment and the Settlement Agreement may be filed in any action against or by Reebok or Released Parties to support a defense of <u>res judicata</u>, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. **Dismissal of Action.** The Actions (including all individual and Class claims presented therein) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Order and the accompanying Final Judgment and the Settlement Agreement.

/s/ F. Dennis Saylor
F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2012